**In the Matter of Peter C. AUGUSTINE and Nancy L. Augustine, Debtors.**

**Peter C. AUGUSTINE and Nancy L. Augustine, Plaintiffs,**

**v.**

**The UNITED STATES of America, United States Department of Agriculture, Farmers Home Administration, Defendants.**

**Bankruptcy No. 79–895.
Adversary No. 80–131.**

United States Bankruptcy Court,
W. D. Pennsylvania.

Oct. 30, 1980.

James R. Walsh, Spence, Custer, Saylor, Wolfe & Rose, Johnstown, Pa., for plaintiffs.

Robert J. Cindrich, U. S. Atty., Western Dist. of Pennsylvania, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

GERALD K. GIBSON, Bankruptcy Judge.

The matter presently before the Court is the complaint of Peter Augustine and Nancy Augustine to avoid the security interests held by the United States of America, the defendant, pursuant to section 522(f) of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101 et seq. (the Code). On February 14, 1980, the United States filed a proof of claim in the amount of $63,303.72 and a complaint requesting the Court to vacate the automatic stay authorized by section 362 of the Code, 11 U.S.C. § 362. In its complaint, the United States seeks leave to repossess its security, which includes some of the property that the Debtors claim as exempt. These actions were consolidated for trial.

Section 522(f) of the Code provides that a debtor may avoid, *inter alia*, a non-possessory, non-purchase money security interest in tools of the trade of the debtor or a dependent to the extent that such lien "impairs an exemption to which the debtor would have been entitled" under sections 522(b) and 522(d). 11 U.S.C. § 522(f). Section 522(d)(6) states that "the debtor's aggregate interest, not to exceed $750.00 in value, in any implements, professional books, or tools, of the trade of the debtor or the trade of a dependent of the debtor" may be claimed as exempt. 11 U.S.C. § 522(d)(6). The Court must first determine whether section 522(f) applies retroactively because the United States perfected its security interests in the Debtors' farm equipment pri-

or to the enactment of the Code on November 6, 1978. Secondly, the Court must decide whether section 522(f) protects a claimed exemption in farm tools in excess of $750.00 since the Augustines claimed as exempt tools valued at $11,800. Neither the trustee nor any creditor objected pursuant to Rule 403 of the Bankruptcy Rules of Procedure to the Debtors' claimed exemption. Notwithstanding, the Court concludes that section 522(f) applies retrospectively but that the Augustines may avoid the security interests held by the United States only to the extent that its liens impair the $750.00 allowable exemption provided for under Section 522(d).

The parties agreed to waive an evidentiary hearing and filed a joint stipulation which included the following relevant facts. The United States, acting through the Farmers Home Administration, United States Department of Agriculture, pursuant to the provisions of the Consolidated Farm and Rural Development Act, 7 U.S.C. § 1921 *et seq.*, made a series of loans to the Augustines from 1973 until 1977 that were secured by liens in personal property of the plaintiffs, including farm animals and farm equipment. On December 7, 1979, the Augustines filed a voluntary petition in bankruptcy seeking relief under Chapter 7 of the Code, and claiming their farm tools valued at $11,800 as exempt property pursuant to section 522(d)(6) of the Code, 11 U.S.C. § 522(d)(6).

In schedule B–4 of their petition in bankruptcy, the Debtors jointly claimed the following tools as exempt: tractor ($6,500), baler with thrower ($1,000), hay bine ($1,200), six-bottom plow ($2,500), and auger ($600). These items of property are tools and/or implements of the trade of farming. The Debtor, Peter C. Augustine, is a farmer as defined in section 101(17) of the Bankruptcy Code. After the first meeting of creditors, the trustee in his report of exempt property, dated May 8, 1980, allowed all of the Debtors' claimed exemptions. No creditor filed an objection. At all times relevant to this case, the United States held a duly perfected, non-possessory, non-purchase money security interest in the Debtors' farming tools.

*Discussion*

### A. Retroactive Application of Section 522(f)

In furtherance of the federal policy of affording the debtor adequate possessions with which to make a fresh start, section 522(f) provides that the debtor may avoid certain security interests that would otherwise be valid, and would, therefore, impair the debtor's exemption rights outlined in section 522(b) of the Code.

Pursuant to section 522(f), the debtor may avoid non-possessory, non-purchase money security interests in specified household and personal goods as well as all judicial liens, to the extent that they impair an allowable exemption. This avoidance power is independent from any waiver of exemptions by the debtor. Section 522(f) provides in pertinent part that:

> the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is . . .
>
> (2) a nonpossessory, nonpurcahse-money security interest in any . . .
>
> (B) implements, professional books, or tools of the debtor or the trade of a dependent of the debtor; . . .

11 U.S.C. § 522. The legislative history of section 522(f) reveals that Congress sought to prevent a creditor's use of repossession threats, as a leverage in obtaining payment, in cases where a consumer loan is secured by a blanket security interest in the debtor's household goods. In these cases, the creditor does not actually intend to foreclose, since the resale value of household goods is low. As a condition of the loan the debtor must frequently waive his exemptions, and is, in effect, coerced into making the payments because the replacement cost is so high. See, Report of the Committee of the Judiciary House of Representatives, to Accompany H.R. 8200, H.R.Rep.No.95–595, 95th Cong., 1st Sess. (1977), pp. 126–127,

U.S.Code Cong. & Admin.News 1978, p. 5787.

Congress intended section 522(f) to apply retrospectively and, contrary to the defendant's contentions, retroactive application does not in this case violate the Due Process Clause of the Fifth Amendment of the United States Constitution.

■ As a general rule of statutory construction, legislation is presumed to operate prospectively only. *Edgar v. Fred Jones Lincoln-Mercury, Etc.*, 524 F.2d 162 (7th Cir. 1975). Nevertheless, a statute will be applied retrospectively where congressional intent so dictates. *Id.*, at 165. That Congress intended section 522(f) to be applied to liens perfected prior to the date of the Code's enactment is readily apparent. Pursuant to section 403 of the Code, the former Bankruptcy Act was repealed except as to cases commenced prior to the effective date of the Code on October 1, 1979. The Code governs all cases filed after October 1, 1979. P.L. 95–598, Title IV, § 403, November 6, 1978, 92 Stat. 2683. Absent retroactive application of the substantive provisions of the Code, no law would control the indebtedness incurred prior to the enactment of the Code in those cases filed after October 1, 1979. Such a construction is absurd. *Hoops v. Freedom Finance*, 3 B.R. 635 (Bkrtcy.D.Col.1980); *Jackson v. Security Industrial Bank*, 4 B.R. 293 (Bkrtcy.D.Col. 1980); *Rodrock v. Security Industrial Bank*, 3 B.R. 629 (Bkrtcy.D.Col.1980).

The defendant further contends that the Fifth Amendment of the United States Constitution precludes the retroactive application of section 522(f) because such application deprives a secured creditor of a substantive property right. Debtor relies on *Louisville Joint Stock Land Bank v. Radford*, 295 U.S. 555, 55 S.Ct. 854, 79 L.Ed. 1593 (1935) and *Wright v. Vinton Branch of Mountain Trust Bank*, 300 U.S. 440, 57 S.Ct. 556, 81 L.Ed. 736 (1937) to support this argument. Avoidance of the perfected security interest in this case, defendant argues, constitutes the taking of a substantive right in specific property.

■ Article 1, Section 8, clause 4 of the United States Constitution expressly confers upon Congress the power to establish bankruptcy laws. This grant of substantive power is, of course, subject to the due process clause of the Fifth Amendment of the United States Constitution. *Louisville Joint Stock Land Bank v. Radford, supra*, 295 U.S. at 589–590, 55 S.Ct. at 863. Congress is not, however, prohibited from passing laws which impair the obligation of contracts. *Hanover National Bank v. Moyses*, 186 U.S. 181, 22 S.Ct. 857, 46 L.Ed. 1113 (1902).

■ A lien on personal property is a substantive property right within the meaning of the due process clause. *Armstrong v. United States*, 364 U.S. 40, 80 S.Ct. 1563, 4 L.Ed.2d 1554 (1960). In *Armstrong*, the Supreme Court concluded that a lien on personal property is a compensable property interest under the Fifth Amendment. *Accord, Hoops v. Freedom Finance, supra*, 3 B.R. at 639–40; *Jackson v. Security Industrial Bank, supra*, 4 B.R. at 297. The United States, however, is not a "person" entitled to the protection of the Fifth Amendment. *South Carolina v. Katzenbach*, 383 U.S. 301, 86 S.Ct. 803, 15 L.Ed.2d 769 (1966); *United States v. Jackson Mississippi*, 318 F.2d 1 (5th Cir. 1963). Moreover, the United States is not entitled to compensation for its property taken pursuant to duly enacted legislation of Congress. *Alabama v. Texas*, 347 U.S. 272, 74 S.Ct. 481, 98 L.Ed. 689 (1972). Congress has virtually unrestricted powers to dispose of federal properties, including property rights in the form of perfected security interests. *Id.*

*B. Avoidance Powers of the Debtor Under Section 522(f)*

■ The Debtors may avoid the security interest of the United States to the extent that its liens impair the $750.00 allowable exemption provided for under section 522(b). The Court finds without merit the Debtors' argument that 522(f) protects their entire claimed exemption of $11,800 since neither the trustee nor any creditor objected to their claim pursuant to Rule 403 of the Bankruptcy Rules of Procedure.

The avoidance power of the debtor under section 522(f) is directly tied to the specific item of property that the debtor claims as exempt under sections 522(b) and 522(d). Section 522(f) applies, therefore, to protect only the debtor's limited exemption rights outlined in these sections. As a matter of federal policy, Congress restricted the allowable exemption in tools of the trade of the debtor or a dependent to $750.00.

On the other hand, the United States argues that section 522(f) does not apply to avoid any of its liens in the Debtors' farming tools. The United States argues that the Debtors have no interest in the farm equipment since the debt secured by its liens far exceeds the value of the equipment. The defendant contends that only the unsecured indebtedness of the Augustines is discharged in bankruptcy, and that the Debtors' discharge will not prevent the enforcement of valid liens on exempt as well as on nonexempt property. The United States argues that section 522(f) may not be applied to avoid a security interest that was perfected prior to the filing of the bankruptcy petition.

These contentions are without merit. By its terms, section 522(f) operates to avoid the liens. Peter Augustine is a farmer as defined in 101(17), 11 U.S.C. § 101(17). Furthermore, the liens of the United States, as stipulated by the parties, are non-possessory, non-purchase money security interests in tools and/or implements of the trade of farming. The Debtors' interest in the exempt property is not defined by the dollar amount of their indebtedness to the United States vis-a-vis the market value of the equipment. Their interest, as tenants by the entireties, is subject, however, to the duly perfected security interests of the United States. The United States may only enforce its security interests in the amount that its liens exceed the Debtors' $750.00 allowable exemption. 11 U.S.C. § 522(f). While it is true that a valid security interest is generally preserved even as against property claimed as exempt, 11 U.S.C. § 522(c)(2), exempt property is protected from the operation of an otherwise valid

lien if it is subject to, *inter alia*, the debtor's avoidance powers under section 522(f). H.R.Rep.No.95–595, 95th Cong., 1st Sess. 361 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. Compare the trustee's avoidance powers outlined in sections 544, 545, 547, 548, 549 and 724(a) of the Code which also operate to annul liens secured by exempt property. Defendant's contention that section 522(f) avoids only post-bankruptcy liens is clearly erroneous since the date of the filing of the Debtors' petition controls whether a security interest is created or perfected in the first place.

Based on the foregoing, the Court concludes that the Debtors may avoid the security interests held by the United States only to the extent that they impair the $750.00 allowable exemption in tools of the trade of the debtor provided for under section 522(d)(6). 11 U.S.C. § 522(f). The United States may enforce therefore its security interests in the amount that they exceed $750.00.