In re Anthony ZUARO a/k/a Anthony L. Zuaro a/k/a Tony Zuaro and Kerrie Zuaro a/k/a Keri Zuaro, Debtors.

Anthony ZUARO a/k/a Anthony L. Zuaro a/k/a Tony Zuaro and Kerrie Zuaro a/k/a Keri Zuaro, Plaintiffs,

v.

GERTZ, A DIVISION OF ALLIED STORES OF NEW YORK, Citibank, N.A., Long Island Trust Co., Giffords Oil Co., Inc., Defendants.

Bankruptcy No. 882–82342–20.
Adv. No. 883–0133–20.

United States Bankruptcy Court, E.D. New York.

April 21, 1983.

---

Dominick Caiafa, Hicksville, N.Y., for debtors.

ROBERT JOHN HALL, Bankruptcy Judge.

The Court has before it the complaint of Anthony and Kerrie Zuaro (the debtors) which seeks to avoid the judicial liens of Gertz, Citibank, Long Island Trust Co. and Giffords Oil Co. (the defendants) under 11 U.S.C. § 522(f)(1).

The debtors filed a voluntary joint petition under chapter 7 of the Bankruptcy Code, 11 U.S.C. § 701 *et seq.* (Supp. IV 1980) on September 9, 1982 and commenced this proceeding on March 4, 1983. None of the defendants answered nor appeared on the trial date at which time the Court took a brief inquest. *See* Bankruptcy Rule 755(a); *Reardon v. Degregorio (In re Reardon),* 10 B.R. 697 (Bkrtcy.D.Conn.1981).

Based thereupon it would appear that the debtors own real property of a value of approximately $45,000 and subject to a mortgage securing a debt of $35,000 leaving approximately $10,000 in equity which the debtors have exempted pursuant to 11 U.S.C. § 522(b); N.Y.C.P.L.R. § 5206(a) (McKinney 1978 & Supp.1982–1983) and N.Y.Deb. & Cred.Law § 282 (McKinney Supp.1982–1983). The defendants, by docketing judgments with the County Clerk in early 1982, obtained judgment liens on the property. Based thereon the debtors pray for a judgment avoiding these liens as impairing their exemption.

Section 522(f)(1) provides:

Notwithstanding any waiver of exemptions, the debtor may void the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien . . . .

11 U.S.C. § 522(f)(1).

The purpose of this section is to protect "the debtor's exemptions, his discharge and thus his fresh start by permitting him to . . . avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6318.

Therefore, to state a claim for relief under section 522(f)(1), the debtor must establish that the judicial lien "impairs" an exemption to which the debtor is otherwise entitled.

 In the instant case, the exemption claimed is N.Y.C.P.L.R. § 5206(a). Section 5206(a), however, does not allow the homestead owner to free the exempt equity in his property from all claimants. Rather, it is a limited exemption which only prohibits judgment creditors from forcing a sheriff's sale of the property provided the equity does not exceed certain limits.[1] Moreover, should the homestead be sold by any means other than a sheriff's sale at the insistence of a judgment creditor levying execution, the exemption is lost. *See First Federal Savings and Loan Association v. Brown,* 78 A.D.2d 119, 434 N.Y.S.2d 306 (4th Dep't 1980); *Wyoming County Bank & Trust Co. v. Kiley,* 75 A.D.2d 477, 430 N.Y.S.2d 900 (4th Dep't 1980). Conversely, to avoid the judgment liens in the instant case would be to create in the debtors the right to sell the property and retain the equity. While that is something they probably could have done under the federal exemption scheme, under the New York exemptions, that right is

1. Prior to September 1, 1982, this Court held that under New York law joint owners of property could not aggregate their homestead exemption. *In re Feiss,* 15 B.R. 825 (Bkrtcy.E.D. N.Y.1981). Thereafter, effective September 1, 1982, New York opted-out of the federal exemption scheme, Ch. 540 [1982] N.Y.Laws 1407 (McKinney); and in the recent decision of *In re Webb,* 29 B.R. 280 (Bkrtcy.E.D.N.Y.1983) this Court held that as part of that Act the New York Legislature intended that joint debtors in bankruptcy could aggregate their homestead exemption to $20,000. At 284.

unavailable. Consequently, to grant the debtors the judgment they seek would not be to remove an impediment to an otherwise existing right, but rather to effectuate the unauthorized creation of a new right.

As a final wrinkle, the Court feels obligated to explore the interrelationship between section 522(f)(1) and C.P.L.R. § 5206(a) in light of New York's opting-out of the federal exemption scheme. *See* note 1 *supra.* Inasmuch as this Court has now held that joint debtors filing on or after September 1, 1982 can exempt $20,000 in equity under section 5206(a) while outside bankruptcy section 5206(a) presumably is still limited to $10,000, the debtors should be entitled to a judgment prohibiting any of the defendants at bar from pursuing their remedies under section 5206(a) after the case is closed unless the debtors' equity exceeds $20,000. Submit judgment.