In re Robert HENRY, Debtor.

Robert L. HENRY, Plaintiff,

v.

CHASE MANHATTAN BANK, Defendant.

Robert L. HENRY, Plaintiff,

v.

HOUSEHOLD FINANCE CORPORATION, Defendant.

In re Thomas SCIARRA, Sr., Debtor.

In re Roger CIARROCCHI, a/k/a Roger Nicholas Ciarrocchi, a/k/a Roger Bria, and Lynn Ciarrocchi, a/k/a Lynn Bria, Debtors.

In re William Tyrone GRANT and Mamie Lee Grant, Debtors.

Bankruptcy Nos. 883–31024–20, 883–32345–20, 883–30838–20 and 883–31901–20.

Adv. Nos. 883–0671–20, 883–0672–20.

United States Bankruptcy Court, E.D. New York, at Westbury.

May 1, 1984.

Marvin A. Holland, Holland & Zinker, Smithtown, N.Y., for Household Finance Corp..

Siben & Siben, Bay Shore, N.Y., for Robert L. Henry.

Sheehy & Friedler, Hempstead, N.Y., for Chase Manhattan Bank, N.A.

Pressman & Ershowsky, Central Islip, N.Y., for Thomas Sciarra, Sr.

Marilyn A. Frier, Woodmere, N.Y., Trustee for Thomas Sciarra, Sr.

Michael L. Weinreb, West Babylon, N.Y., for Roger Ciarrocchi and Lynn Ciarrocchi.

Joseph Farber, Forest Hills, N.Y., Trustee for Roger and Lynn Ciarrocchi and William Tyrone and Mamie Lee Grant.

Stuart G. Blumberg, Bay Shore, N.Y., for Pennysaver.

Hahn, Gottlieb & Factor, Melville, N.Y., for New York Telephone.

Linkin, Frankfater & Glatter, West Babylon, N.Y., for Long Island Building Supply Corp.

David S. Zeidman, Syosset, N.Y., for William Tyrone Grant and Mamie Lee Grant.

ROBERT JOHN HALL, Bankruptcy Judge.

These cases are before the Court on the debtors' motions or adversary proceedings [1] to avoid judgment liens pursuant to 11 U.S.C. 522(f) (Supp. IV 1980). Defendant Household Finance Corporation moved for dismissal of the action against it on the basis of this Court's decision in *Zuaro v. Gertz*, 29 B.R. 37 (Bkrtcy.E.D.N.Y.1983) (*In re Zuaro*).

The respondents in these proceedings became holders of liens on the debtors' residences when their judgments were docketed with the county clerk where the debtors reside. *See* N.Y.C.P.L.R. § 5203 (McKinney 1978). By virtue of 11 U.S.C. § 522(f), the debtors seek orders avoiding these judicial liens. Section 522(f) provides:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is
> (1) a judicial lien.

The application of section 522(f) requires the court to determine the exemptions to which the debtors are entitled, and the extent to which the exemptions are impaired by the judicial liens.

Section 522(b)(1) provides that an individual debtor may exempt from the property

---

**1.** Prior to August 1, 1983 the Bankruptcy Rules required proceedings under section 522(f) to be brought as adversary proceedings. Bankruptcy Rule 4003(d) now requires such proceedings to be brought by motion.

of the estate, property specified as exempt under State law, or in the alternative, property specified in § 522(d), unless State law does not so authorize. 11 U.S.C. § 522(b). In the event that the State "opts out" of the federal exemptions, then the debtor may only exempt property that is exempt under State or local law.[2] Effective September 1, 1982, New York State opted-out of the federal exemptions provided by section 522(d) through the enactment of Article 10A of the N.Y. Debtor and Creditor Law.[3]

When New York State opted-out of the federal exemptions it created exemptions applicable only to debtors under the jurisdiction of the Bankruptcy Code. Section 282 of the N.Y. Debtor and Creditor Law provides:

> Under section five hundred twenty-two of title eleven of the United States Code[,] entitled "Bankruptcy", an individual debtor domiciled in this state may exempt from the property of the estate, to the extent permitted by subsection (b) thereof, only (i) personal and real property exempt from application to the satisfaction of money judgments under sections fifty-two hundred five and fifty-two hundred six of the civil practice law and rules, ....

It is clear that section 282 allows the debtor to exempt certain real property. Section 282 specifies that the exempt real property is that real property which section 5206(a) of New York Civil Practice Law and Rules frees from application to the satisfaction of money judgments. Section 5206(a) frees from application to the satisfaction of money judgments property:

> not exceeding $10,000 in value above liens and encumbrances, owned and occupied as a principal residence ... in a lot of land with a dwelling thereon.

N.Y.C.P.L.R. § 5206(a) (McKinney Supp. 1983–84).

Basically, the property that section 5206(a) frees from application to the satisfaction of a money judgment, is the debtor's equity up to $10,000 in his homestead. Therefore, section 282 allows the debtor to exempt from property of his bankruptcy estate, up to $10,000 of equity in his homestead. Section 282 incorporates *the property* that section 5206(a) exempts from the application to the satisfaction of a money judgment, but it does not incorporate the limited exemption of section 5206(a). Section 282 is clear that the debtor may *exempt* "from property of the estate" the real property with which section 5206(a) is concerned.

■ In *Zuaro*, this Court focused primarily on the very limited exemption provided in N.Y.C.P.L.R. 5206(a):

> [N.Y.C.P.L.R. § 5206(a) ] only prohibits judgment creditors from forcing a sheriff's sale of the property provided the equity does not exceed certain limits. Moreover, should the homestead be sold by any means other than a sheriff's sale at the insistence of a judgment creditor levying execution, the exemption is lost.

*Zuaro*, 29 B.R. at 38 (citing *First Federal Savings and Loan Association v. Brown*, 78 A.D.2d 119, 434 N.Y.S.2d 306 (4th Dep't 1980); *Wyoming County Bank & Trust Co. v. Kiley*, 75 A.D.2d 477, 430 N.Y.S.2d 900 (4th Dep't 1980)). *Zuaro* held that the avoidance power in 11 U.S.C. § 522(f) was not triggered by such a limited exemption because the mere protection against a sheriff's sale was not impaired by the existence of a lien. While such analysis of the interaction of 11 U.S.C. § 522(f) and N.Y.C.P.L.R. § 5206(a) is correct, the exemption provided in section 5206(a) is not the same as the more extensive bankruptcy exemption created by N.Y. Debtor and Creditor Law § 282. The latter exempts from property of the debtor's estate, the subject property of section 5206(a).

---

**2.** The debtor would also be permitted to exempt property under federal statutes other than 11 U.S.C. § 522(d).

**3.** Section 284 of Article 10A provides:

In accordance with the provisions of section five hundred twenty-two (b) of title eleven of

the United States Code, debtors domiciled in this state are not authorized to exempt from the estate property that is specified under subsection (d) of such section.

N.Y. Debtor and Creditor Law § 284 (McKinney Supp.1983–84).

The following excerpts from a Memorandum in Support of the enactment of Article 10A prepared by Assemblyman Robach, one of the sponsors of the bill, supports the view that the New York Legislature never intended section 5206(a)'s limited exemption to apply to bankruptcy:

> This bill would reassert New York's exemptions with modifications.

> \*   \*   \*   \*   \*   \*

> In addition to extending an exemption of $2400 above liens and encumbrances for an automobile, which is twice the federally allowed amount, the exemptions provided by this measure are more lenient than those now allowed in 40 other states.

> \*   \*   \*   \*   \*   \*

> [The bill] provides an expanded list of state exemptions to insure that the necessitous debtor will receive a reasonable fresh start, but not sanction abuses by those who take unfair advantage of the relief provided.

At the Assembly deliberations on proposed Article 10A, Mr. Robach introduced the bill by stating:

> What we are trying to do is not opt back into our own, because it was very archaic and in many cases did not take care of, properly, those people, who through no fault of their own, had to file bankruptcy.

Record of Proceedings before the New York State Assembly 5333 (May 17, 1982).

In addition to expanding the exemptions available to a bankruptcy debtor, the bill was enacted to prevent certain abuses. For instance, the debtor's right under 11 U.S.C. § 522(d)(3) to exempt a potentially limitless number of certain items was an area of concern. Record of Proceedings, *supra*, at 5362–64. The court's examination of the legislative history of Article 10A, however, reveals no indication that the bill was intended to affect the debtor's lien avoidance powers under 11 U.S.C. § 522(f).

■ The holding in *Zuaro*, that the exemptions allowed a New York debtor under 11 U.S.C. § 522(b) were the exemptions permitted in N.Y.C.P.L.R. § 5206, virtually nullified the avoidance powers of the debtor under 11 U.S.C. § 522(f)(1). Absent a clear indication in the legislative history to Article 10A of the New York Debtor and Creditor Law, the plain language of section 282 should prevail: The debtor may exempt from *property of the estate, real property exempt* from the application to the satisfaction of money judgments under C.P.L.R. § 5206(a).

Since the exemption in New York Debtor and Creditor Law § 282 consists of up to $10,000 of the debtor's equity in his homestead, the debtor's exemption may certainly be impaired by the existence of a judgment lien. If the equity in a debtor's homestead is not sufficient to satisfy both the exemption and the judgment lien, the debtor will be permitted to avoid the judgment lien. Thus, a hearing will be held in each of the above captioned matters on June 7, 1984, to determine whether the liens in the respective cases should be avoided. So Ordered.