Vincent J. ALU and Vincent J. Alu f/d/b/a Terry's Wine, Terry's Wines & Liquors & Terry's Liquor Store, Plaintiff,

v.

STATE OF NEW YORK, DEPARTMENT OF TAXATION & FINANCE, State Tax Commission and William Brown, As Trustee, Defendants.

Vincent J. ALU and Vincent J. Alu, f/d/b/a Terry's Wine, Terry's Wines & Liquors & Terry's Liquor Store, Plaintiff,

v.

CHARMER INDUSTRIES INC., Defendant.

Nos. CV 84–0762, CV 84–0763.

United States District Court, E.D. New York.

Aug. 29, 1984.

Stephen Gelfand, Brooklyn, N.Y., for plaintiff.

William S. Brown, Garden City, N.Y., trustee.

MEMORANDUM AND ORDER

WEXLER, District Judge.

This is an appeal by the debtor in a bankruptcy proceeding from an order of the United States Bankruptcy Court for the Eastern District of New York dated January 18, 1984, which denied debtor-plaintiff's motion for an order avoiding the fixing of certain liens upon the debtor-plaintiff's residence.

Debtor-plaintiff owns certain real property valued at $65,000, which is subject to a first mortgage in the amount of $29,000, and a second mortgage in the amount of $45,000. Debtor-plaintiff therefore has no equity in the property. The property is debtor-plaintiff's residence. Debtor-plaintiff initiated adversary proceedings in the Bankruptcy Court to avoid the fixing of liens on the property in favor of defendants State Tax Commission and Charmer Industries, which hold unsatisfied money judgments against debtor-plaintiff docketed subsequent to the creation of the mortgages.

Under 11 U.S.C. Section 522(f):

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien ...

Under 11 U.S.C. Section 522(b)(2)(A), an individual debtor may exempt from property of the estate any property that is exempt under State law applicable on the date of the filing of the bankruptcy petition at the place in which the debtor's domicile has been located for the 180 days preceding the filing of the petition.

Under N.Y.C.P.L.R. Section 5206(a):

Property of one of the following types, not exceeding ten thousand dollars above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of money judgments, unless the judgment was recovered wholly for the purchase price thereof: 1. a lot of land with a dwelling thereon ...

Under N.Y.C.P.L.R. Section 5206(d):

The exemption of a homestead is not void because the value of the property exceeds ten thousand dollars but the lien of a judgment attaches to the surplus.

Under N.Y.C.P.L.R. Section 5203(a):

No transfer of an interest of the judgment debtor in real property, against which property a money judgment may be enforced, is effective against the judgment creditor ...

Debtor-plaintiff contends that the unsatisfied money judgments held by the defendants give rise to liens upon the residence which may be avoided pursuant to 11 U.S.C. Section 522(f)(1).

■ The first issue is whether debtor-plaintiff has an "interest" in the residence within the meaning of 11 U.S.C. Section 522(f). We hold that he does. It is not necessary for a debtor to have equity in property in order to have an "interest" in such property within the meaning of 11 U.S.C. Section 522(f). Indeed, the aim of 11 U.S.C. Section 522(f), at least in part, is to enable a debtor to *create* equity which otherwise would not exist, by avoiding certain liens. *Re Augustine*, 7 B.R. 565 (BC WD Pa 1980); *Re Boozer*, 4 B.R. 524 (BC ND Ga 1980); *Re Hill*, 4 B.R. 310 (BC ND Ohio 1980); *Re Curry*, 5 B.R. 282 (BC ND Ohio 1980); *aff'd on other grounds*, 11 B.R. 716 (ND Ohio); *Re Dubrock*, 5 B.R. 353 (BC WD Ky 1980); *Re Farris*, 8 B.R. 186 (BC ED Tenn 1981); *Re Lamping*, 8 B.R. 709 (BC ED Wis 1981); *Re Van Gorkom*, 4 B.R. 689 (BC SD 1980); *Re Kursh*, 9 B.R. 801 (BC WD Mo 1981); *Re Lovett*, 11 B.R. 123 (WD Mo 1981); *Augustine v. U.S.*, 5 C.B.C.2d 542 (WD Pa 1982). *See generally* 55 A.L.R.Fed. 353, 369–370. *But see Re Miller*, 8 B.R. 43 (BC WD Mo 1981). Further, even where (as here) the debtor would have no current equity in the property in the absence of the liens sought to be avoided (due to the existence of other, unavoidable liens), the debtor still has an "interest" in the property in the form of his right to possess the property and to build up his equity in the future. *Re Chesanow*, 25 B.R. 228 (BC Conn 1982).

■ The second issue is whether defendants hold "liens" on debtor-plaintiff's interest in the residence within the meaning of 11 U.S.C. Section 522(f). We hold that they do. Although the defendants *currently* cannot enforce their money judgments against the residence, since debtor's equity therein is less than $10,000 (and is in fact zero), N.Y.C.P.L.R. Section 5206(a), the possibility remains that *in future* debtor's equity in the residence will exceed $10,000, in which case defendants could enforce their money judgments against the residence to the extent of the excess of debtor's equity over $10,000, N.Y.C.P.L.R. 5206(d). Each defendant's potential right to interfere with debtor's future right of possession and right to build up equity, is sufficient to constitute a "lien" on debtor's interest in the residence within the meaning of 11 U.S.C. Section 522(f). *Re Chesanow*, 25 B.R. 228 (BC Conn 1982).

■ The third issue is whether defendants' liens "impair an exemption to which the debtor would have been entitled" within the meaning of 11 U.S.C. Section 522(f). We hold that they do not. The liens simply give defendants the right to enforce their money judgments against the residence to the extent of the excess of debtor's equity therein over $10,000, provided that debtor's equity therein is built up to exceed $10,000. N.Y.C.P.L.R. Section 5206. Regardless of whether these liens existed, the residence would be "exempt" pursuant to N.Y.C.P.L.R. 5206 (and hence "exempt" pursuant to 11 U.S.C. Section 522(b)(2)(A), and hence "exempt" within the meaning of 11 U.S.C. Section 522(f)) only in the sense that a money judgment may not be enforced against the residence unless debtor's equi-

ty therein is built up to exceed $10,000, and is then enforceable only to the extent of such excess. Consequently, the existence of the liens does not "impair" any exemption which would otherwise exist. Consequently, the liens cannot be avoided pursuant to 11 U.S.C. Section 522(f). Although in *Re Chesanow*, 25 B.R. 228 (BC Conn 1982), it was held that certain liens on debtor's property impaired debtor's exempt interest consisting of debtor's right to future possession and right to build up equity, it is unclear from the opinion in that case what the scope of the liens and exemption involved therein were. In the instant case, it is clear that the liens in question do not impair any exemption which would otherwise exist.

The Clerk shall enter judgment in favor of defendants-appellees and against debtor-plaintiff-appellant, affirming the order of the Bankruptcy Court appealed from, and denying debtor-plaintiff-appellant's motion to avoid the fixing of certain liens.

SO ORDERED.