In re Anthony SERAPIGLIA, Debtor.

Bankruptcy No. 089–91352–21.

United States Bankruptcy Court,
E.D. New York.

Dec. 24, 1990.

Daniel W. DeLuca, Ronkonkoma, N.Y., for debtor.

Pinks, Brooks, Stern & Arbeit by Steven G. Pinks, Hauppauge, N.Y., for The Bank of Smithtown.

## OPINION

CECELIA H. GOETZ, Bankruptcy Judge:

The Debtor is moving to reopen this closed Chapter 7 proceeding in order to reduce and avoid, pursuant to 11 U.S.C. § 522(f), two judgment liens of The Bank of Smithtown ("Smithtown") on his residence. 11 U.S.C. § 522(f) authorizes a debtor to avoid judicial liens that impair the debtor's exemption. The debtor claims that Smithtown's liens impair his homestead exemption. Smithtown opposes the motion in reliance on *Alu v. State of New York Department of Taxation and Finance*, 41 B.R. 955 (E.D.N.Y.1984) (Wexler, J.) asserting that *Alu* requires that the debtor's motion be denied as a matter of law.

Issue on which this motion turns is: Does Section 522(f) of the Code give a debtor an exemption broader than that available to him under state law when the state has opted out of the federal exemptions? That issue is now before the Supreme Court on certiorari to the Eleventh Circuit in *In re Owen*, 877 F.2d 44 (11th Cir.1989), *cert. granted*, — U.S. —, 110 S.Ct. 2166, 109 L.Ed.2d 496 (1990). Conceivably the Court's decision in that case may be dispositive of the right of the plaintiff to the relief he is now seeking.

The critical facts are not in dispute, although some issues remain to be resolved.

The debtor filed a voluntary petition under Chapter 7 on November 29, 1989. He received a discharge on March 16, 1990. After the Trustee reported no assets for distribution, the case was closed April 18, 1990. The present motion to reopen to avoid judicial liens under 11 U.S.C. § 522(f) was made on August 17, 1990.

The debtor is an owner, as a tenant by the entirety, of real property located at 267 Marktree Road, Centereach, New York. He claimed the fair market value of the property to be $219,000 and his entireties interest to be worth $109,500, against which he claimed a homestead exemption under New York's Civil Practice Rules and Procedure ("CPLR") Section 5206(a) in the amount of $10,000. An appraisal attached to the motion papers estimates the market value of the property to be $215,000 as of March 26, 1990. The property is burdened by a first mortgage in the amount of $164,-129.

The application in support of the motion, after reciting the foregoing figures, asserts that "the judgment liens of the Bank of Smithtown should be reduced to the sum of $8,500.00 to be paid out of the proceeds of the future sale, if any, of the premises after applicant has received his homestead exemption and paid all applicable closing costs." It is not apparent from the motion papers how the debtor arrives at the figure of $8,500. For the reasons which follow, the Court is granting the motion to reopen to permit the debtor to seek relief under § 522(f). However, according to the calculations normally made by the bankruptcy courts in applying Section 522(b), the maximum reduction of Smithtown's liens to which the debtor would be entitled is the sum of $15,435 (½ × ($215,000 − $164,129) − $10,000). *See, In re Cohen,* 13 B.R. 350 (Bankr.E.D.N.Y.1981); *In re Braddon,* 57 B.R. 677 (W.D.N.Y.1986); *In re Yackel,* 114 B.R. 349 (Bankr.N.D.N.Y.1990); *In re Galvan,* 110 B.R. 446 (9th Cir.BAP 1990).

Because the hearing on the motion was limited to whether or not Section 522(f) can, after *Alu,* be used to avoid judgment liens where the debtor is claiming a New York homestead exemption, the Court for the present is only granting the motion to reopen. Unless the debtor agrees that Smithtown's lien cannot be reduced below $15,435, the second branch of the motion to avoid Smithtown's judgment liens will have to be the subject of a new motion in the reopened proceeding.

## DISCUSSION

■■■ Section 522(f) provides as follows: Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

    (1) a judicial lien;

Section 522(f) is new to the Code. It was part of the revisions made to broaden and liberalize the debtor's exemptions. H.R. Rep. No. 95–595, 95th Cong., 1st Sess., 126 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. As Congress pointed out, the historical purpose of the exemptions laws "has been to protect a debtor from his creditors, to provide him with the basic necessities of life so that even if his creditors levy on all of his nonexempt property the debtor will not be left destitute and a public charge." *Ibid.* Congress liberalized the exemption law in two respects. First it provided a set of federal exemptions new to the law. Second, as the House Report notes, it gave a debtor "certain rights not available under current law with respect to exempt property. The debtor may avoid any judicial lien on exempt property ..." *Ibid.* Expatiating on this provision the House Report adds: "Subsection (f) protects the debtor's exemptions, his discharge and thus his fresh start by permitting him to avoid certain liens on exempt property. The debtor may avoid a judicial lien on any property to the extent that the property could have been exempted in the absence of the lien ... The avoiding power is independent of any waiver of exemptions." H.R. Rep. No. 95–595 at 362, U.S.Code Cong. & Admin.News 1978, p. 6318.

As the Code was finally adopted, a state was given the option of opting out of the federal exemptions, that is, making them unavailable to the state's residents, but was given no such option as to the lien avoidance provision, Section 522(f).

To place Section 522(f) in context, a brief overview of the interrelationship of the pertinent provisions might be helpful. When a debtor files a petition in bankruptcy, his property becomes the property of the bankruptcy estate. 11 U.S.C. § 541(a). The debtor is then allowed to exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b). If the state law applicable to the debtor does not permit him to select the federal exemptions, then he is limited to exempting property under nonbankruptcy federal law and state law. 11 U.S.C. § 522(b)(2)(A). Despite the exemptions, liens that cover exempted property are preserved and creditors may enforce them. 11 U.S.C. § 522(c)(2). However, a debtor may avoid a lien encumbering exempted real property "to the extent that such lien im-

pairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—(1) a judicial lien;" 11 U.S.C. § 522(f)(1).

In 1982 New York State took advantage of the opt out provision and passed a three part statute. Debtor and Creditor Law, Art. 10–A—Personal Bankruptcy Exemptions, 12 McKinney's (1990). One section specifically took away from New York State debtors the authority to use the federal exemptions. New York's Debtor and Creditor Law, § 284. Another section explicitly authorized a New York debtor to exempt from property of the estate, to the extent permitted by subsection (b) of § 522 of Title 11, "personal and real property exempt from application to the satisfaction of money judgments under sections fifty-two hundred five, fifty-two hundred six of the civil practice law and rules." Debtor & Creditor Law, § 282. The third section of the same law, not relevant here, pertains to personal property, it authorizes a debtor who does not utilize the homestead exemption described in Section 5206 of the CPLR to exempt other property. Debtor & Creditor Law § 283.

New York CPLR Section 5206(a) provides:

> Property of one of the following types, not exceeding $10,000 above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of money judgments, unless the judgment was recovered wholly for the purchase price thereof:
>
> 1. a lot of land with a dwelling thereon
> . . .

A problem which surfaced early in this Circuit, as it did elsewhere, was whether a debtor could avoid any judgment liens when the mortgages on his property exceeded the fair market value so there remained no equity for him to claim as exempt. The answer given in *In re Chesanow*, 25 B.R. 228 (Bankr.D.Conn.1982) was that he could. He could do so for the future benefit he would derive from removing the judicial liens. The debtor argued there that he should be given the opportu-

nity to build up equity and then "apply his exemption to that property interest and thus avail himself of the fresh start intended by Congress." 25 B.R. at 229. Framing the issue as whether an exemption of an interest is *impaired* by a judicial lien when other unavoidable liens exceed the fair market value of the property, the Court read Section 522(f) as intended to allow debtors to create equity by avoiding certain liens. In the view of the Court the judicial liens impaired the debtor's ability to achieve an equity position in the future and "thus frustrate the debtor's congressionally mandated fresh start." 25 B.R. at 231.

In *Chesanow* the debtor had claimed the federal homestead exemption. When that option was closed to New York residents in 1982, Bankruptcy Judge Hall held that "New York debtors could not avoid judicial liens under Section 522(f)." *In re Zuaro*, 29 B.R. 37 (Bankr.E.D.N.Y.1983). In that case the debtors who owned approximately $10,000 in equity over and above all mortgages, claimed the New York State homestead exemption and moved to set aside the judgment liens on their equity. Bankruptcy Judge Hall refused the relief requested saying:

> Section 5206(a), however, does not allow the homestead owner to free the exempt equity in his property from all claimants. Rather, it is a limited exemption which only prohibits judgment creditors from forcing a sheriff's sale of the property provided the equity does not exceed certain limits. Moreover, should the homestead be sold by any means other than the sheriff's sale at the insistence of a judgment creditor levying execution, the exemption is lost ... Conversely, to avoid the judgment liens in the instant case would be to create in the debtors the right to sell the property and retain the equity. While that is something they probably could have done under the federal exemption scheme, under the New York exemptions, that right is unavailable. Consequently, to grant the debtors the judgment they seek would not be to remove an impediment to an otherwise existing right, but rather to effectuate

the unauthorized creation of a new right. (citations and footnote omitted)

29 B.R. at 38–39.

However, one year later, Bankruptcy Judge Hall reversed himself and held § 522(f) to be available to debtors claiming New York's homestead exemption. He explained that his earlier opinion had not given proper consideration to section 282 of the New York Debtor and Creditor Law. *In re Henry*, 38 B.R. 971 (Bankr.E.D.N.Y. 1984).

> Basically, the property that section 5206(a) frees from application to the satisfaction of a money judgment, is the debtor's equity up to $10,000 in his homestead. Therefore, section 282 allows the debtor to exempt from property of his bankruptcy estate, up to $10,000 of equity in his homestead. Section 282 incorporates *the property* that section 5206(a) exempts from the application to the satisfaction of a money judgment, *but it does not incorporate the limited exemption of section 5206(a)*. Section 282 is clear that the debtor may *exempt* "from property of the estate" the real property with which section 5206(a) is concerned. (Emphasis supplied).

38 B.R. at 973.

The opinion then goes on to quote from *Zuaro* and continues:

> *Zuaro* held that the avoidance power in 11 U.S.C. § 522(f) was not triggered by such a limited exemption because the mere protection against a sheriff's sale was not impaired by the existence of a lien. While such analysis of the interaction of 11 U.S.C. § 522(f) and N.Y.C.P.L.R. § 5206(a) is correct, the exemption provided in section 5206(a) is not the same as the more extensive bankruptcy exemption created by N.Y. Debtor and Creditor Law § 282. The latter exempts from property of the debtor's estate, the subject property of Section 5206(a).

38 B.R. at 973.

Judge Hall then observes:

> The holding in *Zuaro*, that the exemptions allowed a New York debtor under 11 U.S.C. § 522(b) were the exemptions permitted in N.Y.C.P.L.R. § 5206 virtually nullified the avoidance powers of the debtor under 11 U.S.C. § 522(f)(1). Absent a clear indication of the legislative history to Article 10A of the New York Debtor and Creditor Law, the plain language of section 282 should prevail: The debtor may exempt from *property of the estate, real property exempt* from the application to the satisfaction of money judgments under C.P.L.R. § 5206(a). (Emphasis supplied).

38 B.R. at 974.

Judge Hall then went on to hold that if the equity in the debtor's homestead was not sufficient to satisfy both the exemption and the judgment lien the debtor would be permitted to avoid the judgment lien.

The next development in this area was a decision by the Court of Appeals in a case with a complex procedural history. *In re Brown*, 734 F.2d 119 (2d Cir.1984). In *Brown*, before the debtor had occasion to resort to the bankruptcy laws, a foreclosure sale of her residence took place which left a surplus of $8,667.02. The lien of a pre-existing judgment creditor was transferred automatically to the surplus funds which were deposited with a representative of the New York State Supreme Court. Brown filed a notice of claim to the surplus funds saying she was exempting them under New York State's homestead exemption, New York Civil Practice Law, Section 5206(a). One month later she and her husband filed under Chapter 7. She listed the surplus funds among her assets and claimed them as exempt under New York law and, therefore, under the Code. The Appellate Division held that the homestead exemption did not apply to the surplus funds because the exemption applies only to real property and the surplus money arising out of a foreclosure sale is personal property to which Section 5206 has no application. *First Federal Savings and Loan Ass'n of Rochester v. Brown*, 78 A.D.2d 119, 434 N.Y.S.2d 306 (4th Dep't. 1980). However, the Appellate Division did add that its decision should not be construed as foreclosing any right which the debtor might possess under the Bankruptcy Code. Mrs. Brown thereupon returned

to the Bankruptcy Court and forewent the federal homestead exemption in favor of the $7,900 "catchall" exemption provided by Section 522(d)(5). The bankruptcy court then held that Brown was entitled to exempt the surplus funds from her bankruptcy estate pursuant to Section 522(d)(5) and to invoke Section 522(f)(1) to avoid the fixing of the secured creditor's judicial lien on the funds. The District Court agreed and the matter found its way to the Court of Appeals.

The issue before the Court was the reach of Section 522(f). That Court concluded that since the creditor's lien was a judicial lien, and since in the absence of that lien Brown would have been able to exempt the surplus funds from her bankruptcy estate, Section 522(f)(1) allowed her to avoid it. During the course of that opinion the Court cited and relied on *Chesanow*.

> Section 522(f)(1) provides, in pertinent part, that "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ..., if such a lien is ... a judicial lien." Nearly all of the courts that have construed this section have concluded that it should be applied according to its terms. That is, the debtor is permitted, even if he lacks an equity interest in the property, to avoid the fixing of a judicial lien on the property if that avoidance would allow him to enjoy an exemption provided by § 522(b). *See, e.g., In re Chesanow, supra,* 25 B.R. at 230–31; *In re Cole, supra,* 15 B.R. [322] at 325 [ (Bkrtcy.W.D.Mo.1981) ]; *In re Lovett, supra,* 11 B.R. [123] at 124–25 [ (D.C.Mo.1981) ]; *In re Kursh, supra,* 9 B.R. [801] at 802–04 [ (Bkrtcy.W.D.Mo.1981) ] (collecting cases); *In re Curry, supra,* 5 B.R. [282] at 291–92 [ (Bkrtcy.N.D.Ohio 1980) ] (same conclusion as to certain nonjudicial liens). *Contra In re Miller, supra,* 8 B.R. [43] at 46–47 & n. 2 [ (Bkrtcy.W.D.Mo.1980) ]. This interpretation is supported by the legislative history of the Code. Congress plainly expressed its intent to protect a debtor's ability to exempt property under § 522(d) by providing that a debtor may avoid any judicial lien under § 522(f)(1) "to the extent that the property could have been exempted in the absence of the lien." H.R.Rep. No. 595, 95th Cong., 1st Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6318; S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad. News 5787, 5862. *See generally In re Kursh, supra,* at 803–04; *In re Hill,* 4 B.R. 310, 315–16 (Bkrtcy.N.D.Ohio 1980).

*In re Brown,* 734 F.2d at 125.

*Alu v. State of New York Department of Taxation & Finance,* 41 B.R. 955 (E.D. N.Y.1984), the case relied on by Smithtown, was decided a few months later. In *Alu,* the debtor had no equity in the property in which he claimed a homestead exemption. The mortgages on the property which totalled $69,000 exceeded the property's market value of $65,000. The District Court held that, nevertheless, the debtor had an "interest" within the meaning of Section 522(f), an interest which he was entitled to protect so that he could build up his equity in the future. Citing *Chesanow* as authority, the opinion continues: "Indeed, the aim of 11 U.S.C. Section 522(f), at least in part, is to enable a debtor to *create* equity which otherwise would not exist, by avoiding certain liens." 41 B.R. at 957 (Emphasis in original).

Turning next to the defendants, the District Court held that the judgment lienors held liens despite the fact that there was no equity against which they could enforce their judgments. Their "potential right to interfere with debtor's future right of possession and right to build up equity, is sufficient to constitute a "lien" on debtor's interest in the residence within the meaning of 11 U.S.C. Section 522(f)." 41 B.R. at 957.

*Alu,* up to that point, parallels both *Brown* and *Chesanow.* In fact, *Alu* and *Brown* are often cited together for the principle that lack of equity does not mean lack of a protectible property interest in bankruptcy.

But, *Alu* then comes to a conclusion directly contrary to *Chesanow*. It holds that the debtor may not use Section 522(f) to avoid the judgment lienor's interference with his right to build up equity. Concentrating on CPLR Section 5206, *Alu* arrives at exactly the same result as had Bankruptcy Judge Hall in *Zuaro*, holding that the judgment liens do not impair the debtor's exemption:

> The liens simply give defendants [the judgment lienors] the right to enforce their money judgments against the residence to the extent of the excess of debtor's equity therein over $10,000, provided that debtor's equity therein is built up to exceed $10,000. N.Y.C.P.L.R. Section 5206. Regardless of whether these liens existed, the residence would be "exempt" pursuant to N.Y.C.P.L.R. 5206 (and hence "exempt" pursuant to 11 U.S.C. § 522(b)(2)(A), and hence "exempt" within the meaning of 11 U.S.C. § 522(f)) only in the sense that a money judgment may not be enforced against the residence unless the debtor's equity therein is built up to exceed $10,000 and is then enforceable only to the extent of such excess. Consequently the existence of liens does not "impair" any exemption which would otherwise exist. Consequently, the liens cannot be avoided pursuant to 11 U.S.C. § 522(f).

41 B.R. at 957–958.

*Chesanow* was distinguished with the observation that is unclear what the scope of the liens and exemption involved there were. 41 B.R. at 958. *Chesanow* and *Alu* reach contrary conclusions mainly due to the opposing views taken of the right of the debtor to avoid liens which will affect him only in the *future*. *Chesanow* explicitly held that a judicial lien, even where the debtor had no equity in the property, impaired his right to *"achieve an equity position* in the future" (emphasis added) and thus "frustrate[d] the debtor's congressionally mandated fresh start." *Chesanow*, at 231. By contrast, *Alu* regards the lienor's ability to destroy the debtor's future equity should it exceed $10,000 as not triggering the lien avoidance power of Section 522(f).

As Judge Hall observed respecting *Zuaro* which took the same position as did *Alu*, the result is virtually to nullify the avoidance power of a debtor under 11 U.S.C. § 522(f)(1). The debtor is allowed nothing except what he already enjoys under NYCPLR Section 5206. No extra protection is given him by Section 522(f). He gets only what he would have had had he not gone into bankruptcy, no more and no less.

Despite the fact that *Alu* virtually closes the door on New York residents to the use of Section 522(f) it has had little impact on actual practice. In *In re Braddon*, 57 B.R. 677 (Bankr.W.D.N.Y.1986), Bankruptcy Judge Edward D. Hayes refused to follow *Alu* holding that where the debtor had no equity, all judgment liens could be avoided in their entirety:

> The fresh start policy encompasses several concepts. Two of the basic concepts included in the fresh start are the entitlement to a determination as to which debts will or will not be discharged and the entitlement to relief from the burden of certain debt obligations. Dow's interpretation of subsection 522(f) would require that its judicial lien would linger on the property for an indeterminate time in the future until the debtors built up sufficient equity in the property. Whether the debtors could ever increase their equity to a position to overcome the judicial lien is speculative. This uncertainty would frustrate the purpose of fresh start by not providing the debtors with an accurate determination as to the finality of their debts and would hinder the debtors' ability to amass future equity. (Citation omitted).

57 B.R. at 679.

*Accord, In re Hager*, 74 B.R. 198 (Bankr. N.D.N.Y.1987), *aff'd*, 90 B.R. 584 (N.D.N.Y.1988); *In re Yackel*, 114 B.R. 349 (Bankr.N.D.N.Y.1990). *But see, In re Bovay*, 112 B.R. 503 (Bankr.N.D.N.Y.1989) (where there is no equity to which the homestead exemption can attach avoidance of judicial liens *would* not allow the debtor to enjoy any exemption and therefore *the liens cannot be avoided*.)

In this Court, debtors ·routinely invoke Section 522(f)(1) to avoid judicial liens and encounter no opposition. Every month, if not every week, sees such applications which are granted by default. So common-place has become the acceptance of the availability of Section 522(f) to set aside judicial liens that the subject has generated few opinions in this Circuit. No doubt this is the result of the reliance in *Brown* on *Chesanow*.

Outside New York, the federal courts have been grappling with the interface between state exemption provisions and Section 522(f). *See*, Bowmar, Robert H., Avoidance of Judicial Liens That Impair Exemptions in Bankruptcy: The Workings of 11 U.S.C. § 522(f)(1), 63 American Bankruptcy Law Journal, 375 (1989). During the course of a recent review of avoidance powers in bankruptcy the Bankruptcy Appellate Panel of the Ninth Circuit lumped *Alu* with a number of decisions of which it was critical, including the decision of the bankruptcy court (*In re Owen*, 70 B.R. 366 (Bankr.N.D.Ind.1987)) in the case now being reviewed by the Supreme Court:

> We view cases ... that give Section 522(f) limited application, as not properly construing the concept of impairment in light of the purpose of Section 522(f). Whether a particular lien "impairs" an exemption is to be determined solely under federal bankruptcy law. Allowing the unsecured portion of a judicial lien to remain as a charge against property, in which the debtor has exemption rights, is a significant impairment of the debtor's right to a fresh start. (Citations omitted).

*In re Galvan*, 110 B.R. 446, 451 (9th Cir. BAP 1990)

Other courts describe in strong terms the consequences of not allowing avoidance of judicial liens even where there is no equity to which the exemption can attach.

> First, unless a judicial lien is specifically avoided by a debtor, the lien will survive the discharge in bankruptcy. The practical result is that at some future time, when the real property appreciates or the secured debt is reduced in value. The

judgment lienor might initiate a fore-closure action. A debtor would continually be burdened by a creditor, waiting in the corner for the bell to ring to fight the debtor the moment the debtor has rehabilitated himself. This result thwarts and frustrates the fresh start concept of bankruptcy. *See generally*, Norton Bankruptcy Law Advisor (June, 1985) pp. 5–7.

*In re Berrong*, 53 B.R. 640, 643 (Bankr.D. Col.1985)

> *"The debtors' 'fresh start' as provided by the Bankruptcy Code would be undermined by allowing the defendant's lien to subtly lie in ambush until after bankruptcy and suddenly, when the debtors accumulate equity, the defendant goes on the attack."* In re Gunter, 100 B.R. 311, 314 (Bankr.E.D.Va.1989) (Emphasis in original).

The problem of how to reconcile Section 522(f) with state exemptions comes before the Supreme Court in a slightly different context. In *In re Owen, supra*, the Eleventh Circuit refused to allow the debtor to avoid a judicial lien that would be enforceable under Florida law because it attached itself to the property before the debtor claimed his homestead exemption. The Eleventh Circuit said: "Congress did not intend through section 522(f), however, to provide a federal exemption greater than that protected by state law where the exemption is created by state law." 877 F.2d at 47. The approval, or disapproval, of that statement by the highest court should clarify the rights of New York debtors under Section 522(f)(1).

Decision of the present motion need not be delayed until then, however, because this case is distinguishable from both *Alu* and *Bovay* in that, unlike the debtors there, the debtor here enjoys a substantial equity in his property so that he *would* be entitled to his $10,000 homestead exemption but for Smithtown's liens. While *Alu* can be read as not allowing the avoidance of a judicial lien, even where an equity exists, since Smithtown has indicated that in the event of an adverse decision by the undersigned it intends to appeal, the District Court will

have an opportunity to determine whether the distinction is a sound one. An appeal will likewise give the District Court an opportunity to revisit *Alu* in light of the decision shortly to be forthcoming in *In re Owen.*

### CONCLUSION

The debtor is entitled to avoid Smithtown's judicial liens to the extent that they exceed present fair market value of his entirety interest reduced by unavoidable encumbrances and the debtor's homestead exemption. The bankruptcy proceeding will be reopened to permit him to do so. However, because it is unclear from the moving papers how the debtor arrives at the figures recited there, an evidentiary hearing will be necessary respecting how much of the liens the debtor is entitled to avoid.

The fee for reopening is waived.

Settle Order.