In re Neal Everett BOVAY, Ind. and as an officer of Five Diamonds, Inc. and as a partner of FND, Debtor.

Bankruptcy No. 89–00652.

United States Bankruptcy Court, N.D. New York.

Dec. 18, 1989.

Goldberg, Harding & Talev, P.C., Syracuse, N.Y. (Harold P. Goldberg, of counsel), for debtor.

Hancock & Estabrook, Syracuse, N.Y. (R. John Clark, of counsel), for Marine Midland Bank, N.A.

Menter, Rudin & Trivelpiece, P.C., Syracuse, N.Y. (Kevin M. Newman, of counsel), for Heller Financial, Inc.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

This matter is before the Court by way of the motion of Neal Everett Bovay ("Debtor") to avoid several judicial liens to include those of Heller Financial, Inc. ("Heller"), Marine Midland Bank, N.A. ("Marine"), Bar Advertising Co., Graphics Leasing Corp., Empire Tel Com. Federal Credit Union, Norstar Bank of Central New York and Chase Lincoln First Bank, N.A., pursuant to § 522(f)(1) of 11 U.S.C. §§ 101–1330 (West 1979 and Supp.1989) ("Code").[1]

### FACTS

On April 14, 1989 Debtor filed a voluntary petition for relief under Chapter 7 of the Code. The facts herein are undisputed.

At the time of filing, Debtor and his wife owned and resided in real property located at 111 West First Street, Fulton, New York ("Property"). Also at the time of filing the Property was valued at $45,000.00 and was encumbered by a federal tax lien in the amount of $47,551.49, a first mortgage held by Key Bank of Central New York of $14,666.01, and a second mortgage held by Marine Midland Bank of $8,825.16. Among the judicial liens listed in Debtor's motion are Heller's in the amount of $46,672.28, docketed January 5, 1988, and Marine's in the amount of $21,515.38, docketed on March 3, 1988.[2] The existence, priority and

---

1. While the Debtor's motion fails to set forth the relevant Code section under which he seeks relief, the Court will treat Debtor's request to vacate, cancel and discharge the judgment liens "so as to eliminate any possibility that said liens may later be deemed to valid [sic] liens against the debtor's interest in said real property" as a motion to avoid judicial liens pursuant to Code § 522(f)(1).

2. The Debtor's Application lists and seeks to avoid seven additional judicial liens totalling $140,278.09 entered subsequent to Heller's and

amount of these liens are unquestioned. The federal tax lien and the first and second mortgages are not sought to be avoided by the Debtor.

## ARGUMENTS

The Debtor's motion alleges that at the time of filing he and his wife had equity in the Property of $21,508.83 (fair market value of the property less the first and second mortgage), one-half of which ($10,754.41) belongs to his wife, and, therefore, is not property of the estate. The Debtor apparently seeks to apply the homestead exemption available to Debtor by virtue of New York Debtor & Creditor Law § 282 (McKinney's Supp.1990) ("NYD & CL") and New York Civil Practice Law and Rules § 5206(a) (McKinney's Supp.1990) ("NYCPLR") to his remaining half of the equity, thereby exempting $10,000.00 of his $10,754.41. The Debtor further claims that all of the judgment liens are avoidable in their entirety as they "impair an exemption to which the debtor might otherwise be entitled."

Heller and Marine oppose the Debtor's motion on the grounds that the federal tax lien, by effectively reducing Debtor's equity to zero, eliminates his exemption, thereby making it impossible for their judicial liens to impair that which does not exist. Rather than determining the Debtor's equity by subtracting only the combined amount of the two outstanding mortgages from the fair market value of the Property ($45,000.00 − $23,491.17 = equity), Heller and Marine subtract from the fair market value of the Property the combined outstanding mortgages plus the federal tax lien ($45,000.00 − (total of $23,491.17 + $47,551.49) = equity) to arrive at Debtor's equity. Because the total of the first mortgage, second mortgage and federal tax lien exceed the value of the Property, they argue, the Debtor has no exemptible property under NYD & CL § 282. This provides the premise for their conclusion that the judg-

ment liens are not avoidable as they do not "impair an exemption to which the debtor would have been entitled" under Code § 522(f)(1). *See* Heller's and Marine's Affirmations.

## DISCUSSION

■ The Court declines to accept Debtor's method of ascertaining "equity" by subtracting only the outstanding mortgage balances from the fair market value of the Property regardless of the type or amount of liens on record at the time of filing. The definition of "equity" employed by this Court for the purpose of determining impairment of an exemption within the meaning of Code § 522(f)(1) is expressed by the formula: fair market value of the property minus the sum of the outstanding mortgages and any unavoidable liens.[3] *See In re Hager,* 74 B.R. 198, 201–02 (Bankr.N.D.N.Y.1987); *Fitzgerald v. Davis,* 729 F.2d 306, 308 (4th Cir.1984); *Alu v. State of N.Y., Dept. of Tax. & Finance,* 41 B.R. 955, 957 (Bankr.E.D.N.Y.1984); *In re Webb,* 49 B.R. 646, 651 (Bankr.E.D.Va.1984). This formulation conflates the plain meaning of NYCPLR § 5206(a) with the Congressional intent underlying Code § 522(f)(1) to permit avoidance of judicial liens "on any property to the extent that the property could have been exempted in the absence of the lien ..." S.Rep. No. 989, 95th Cong., 2d Sess. 76 (1978), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5787, 5862. Thus, with regard to the Debtor's Property, the negative number which results from applying the formula will be deemed zero equity for the purpose of this discussion.

Having determined the Debtor's equity in the Property to be zero, the Court turns to the question of whether the Debtor may, nonetheless, have an "interest" in his property within the meaning of Code § 522(f). The Second Circuit, in *In re Brown,* 734 F.2d 119 (2d Cir.1984), found that if liens on the property exceed the market value of the property, leaving the debtor with no

---

Marine's liens against the Debtor. None of the subsequent lienors have opposed the Debtor's motion seeking their avoidance under Code § 522(f)(1).

3. A Federal Tax Lien filed pursuant to 26 U.S.C. § 6323(f), as is the case here, is an unavoidable lien.

equity, the debtor nonetheless has an "equitable interest" in the property. *Id.* at 123. The court in *Alu, supra,* 41 B.R. at 957, accordingly held that it is not necessary for a debtor to have equity in property in order to have an "interest" in such property within the meaning of § 522(f). Even without equity, the Debtor's interest exists in the form of "his right to possess the property and to build up his equity in the future." *Id.* In *Alu* the value of the subject property was exceeded by the sum of a first and second mortgage on the property. The debtor, therefore, had no equity in the property. *Id.* at 956. The court observed that Code § 522(f) was partly intended to enable a debtor to "create equity" which otherwise would not exist, by avoiding certain liens. *Id.* at 957. *But see In re Simonson,* 758 F.2d 103, 105 (3d Cir.1985) ("interest" in property is equivalent to equity in property).

Having concluded that the Debtor has an equitable interest, the Court must next determine whether that interest is "an exemption [pursuant to NYD & CL § 282] to which the debtor would have been entitled." Code § 522(f). The Court notes here that Congress chose to employ the word "would" rather than the word "is" in the above quoted language. The word "would" serves to express that lien impairment is not dependent upon whether the debtor *is,* in fact, entitled to an exemption, but rather if he "would" be entitled to the exemption absent the judicial lien. *In re Leonard,* 866 F.2d 335, 337 (10th Cir.1989). This is also consistent with *Brown*'s observation that regardless of a debtor's equity in exemptible property, a judicial lien could be avoided "if that avoidance would allow him to enjoy an exemption ..." *In re Brown, supra* 734 F.2d at 125.

The Court finds that the Debtor's equitable interest in the property, which was stated in *Alu supra* and *Chesanow supra,* and adopted in *In re Brown,* as the right to possess and build up equity in the property in the future, is not an exemption to which he would have been entitled under NYD & CL § 282. The Court must analyze § 5206(a) of NYCPLR, which is incorporated by reference in NYD & CL 282, and be guided by the maxim that "[i]nterpretation of a statute must begin with the statute's plain language." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The language of NYCPLR § 5206(a) provides for exemption of "[p]roperty ... not exceeding ten thousand dollars in value above liens and encumbrances ..." The Court reads § 5206's language, "above liens and encumbrances," to be synonymous with its aforementioned formula for arriving at equity for the purposes of its analysis under Code § 522(f)(1). Hence, the exemption which would be impaired is the amount by which the fair market value of the property exceeds the sum of any outstanding mortgage balance(s) and unavoidable lien(s). Since the sum of the outstanding mortgage balances and the federal tax lien exceeds the fair market value of the Property, there is no property to which the NYCPLR § 5206 homestead exemption may attach and, therefore, avoidance of the judicial lien would not allow Debtor to enjoy any exemption. Because there is no exemption recognizable under NYCPLR § 5206(a), it cannot be "impaired" within the meaning of Code § 522(f).

The Debtor relies chiefly upon the Second Circuit's finding in *In re Brown supra,* regarding a debtor's exemptible "interest" in property regardless of equity. The *Brown* court cited *In re Chesanow,* 25 B.R. 228 (Bankr.D.Conn.1982), as support for the proposition that the debtor retains an "equitable interest" in property in which he has no equity, and that the equitable interest alone may be sufficient to avoid the fixing of a judicial lien pursuant to Code § 522(f)(1). *Chesanow* found that lien avoidance under Code § 522(f) was not restricted only to exemptible property in which equity exists, i.e., the unencumbered portion of the debtor's exempt property. *Id.* at 230. *Chesanow*'s result, however, was based upon an analysis of the language and purpose of the federal exemp-

tion provision set forth in Code § 522(d)(1).[4] Because New York has "opted out" pursuant to Code § 522(b)(1), the federal exemption found in Code § 522(d,) which was applied in *Chesanow,* is unavailable to the Debtor here. For that reason, the analysis employed in *Chesanow* in concluding that the equitable interest which exists even in the event of zero equity is an impairable exemption for the purpose of Code § 522(f) does not apply in the instant case.

Pursuant to 11 U.S.C. § 522(b) states are permitted, as New York has, to define their own exclusive exemptions from property of the estate under Code § 541. *See* NYD & CL § 284 (McKinney's Supp.1990). The opt-out provision indicates Congress' deference to state exemption schemes. *Dominion Bank of Cumberlands, NA v. Nuckolls,* 780 F.2d 408, 418 (4th Cir.1985). Because New York has opted out, exemption analysis under Code § 522(f)(1) is primarily focused upon state law. In view of the deference to exemptions of states which have opted-out, the Code's purpose of lien avoidance underlying § 522(f) should be applied plainly to the state's exemption. *See e.g., In re Dixon,* 885 F.2d 327, 329 (6th Cir.1989) ("debtor may avoid liens only on that property which states have declared exempt."); *In re Leonard,* 866 F.2d 335, 336 (10th Cir.1989); *In re Thompson,* 884 F.2d 1100, 1102 (8th Cir.1989); *Bessent v. United States,* 831 F.2d 82 (5th Cir.1987). Declaring that a debtor's "equitable interest" is exemptible under NYCPLR § 5206(a) would extend the reach of the statute beyond that conveyed by its plain language and the intent of the New York Legislature. This Court resists engaging in such judicial activism.

Moreover, the foregoing analysis comports with Congress' intent to allow a debtor to avoid judicial liens "to the extent that the property could have been exempted in the absence of the lien" and to preserve the debtor's "exemptions [and] discharge." H.R.Rep. No. 595, 95th Cong. 1st Sess. 362 (1977), *reprinted in* 1978 U.S.Code Cong. & Ad.News 5963, 6318. It is clear in the

case at bar, that the Debtor would not be able to exempt his residential property even in the absence of Heller's and Marine's liens. The Debtor's discharge and fresh start are protected because even if the lien "survives", the Debtor is discharged of his personal liability for the underlying debt. In that event, the lien acquires a nonrecourse character whereby only the property itself may still be resorted to for payment thereof. The *in personam* aspect is discharged, but the *in rem* aspect survives. *In re Endlich,* 47 B.R. 802, 805 (Bankr.E.D.N.Y.1985).

■ As for those judicial lienors, other than Heller and Marine, who received notice of Debtor's motion to avoid their judicial liens, the Court views their choice to forego opposition of the Debtor's motion as implied consent to avoidance of their liens.

## CONCLUSION

For the foregoing reasons, the Court finds that the Debtor has no exemption which is impaired under Code § 522(f)(1). The Court, therefore, denies Debtor's motion insofar as it seeks the avoidance of Heller's and Marine's judicial liens and grants Debtor's motion insofar as it seeks to avoid the following judicial liens:

1. Bar Advertising Co., $23,039.93;
2. Graphics Leasing Corp., $73,737.43;
3. Empire Tel Com. Federal Credit Union, $18,543.83;
4. Empire Tel Com. Federal Credit Union, $13,211.94;
5. Empire Tel Com. Federal Credit Union, $2,275.31;
6. Norstar Bank of Central New York, $2,988.11;
7. Chase Lincoln First Bank, N.A., $6,481.54;

and the Clerk of Oswego County, the County in which said judgments are either docketed or transcripted, is directed to make the necessary notation in its records to avoid

---

**4.** Code § 522(d)(1) allows the debtor to exempt the "aggregate *interest* ... in real property ..."

(emphasis added).

said judgment liens with the exception of Heller and Marine.

IT IS SO ORDERED.