**In re Frederick A. SELTZER, Debtor.**

**Bankruptcy No. 194–11009–260.**

United States Bankruptcy Court,
E.D. New York.

Aug. 10, 1995.

James M. Gallagher, Baldwin, NY, for debtor.

Lysaght, Lysaght & Kramer, P.C. by Nicholas J. Ferrar, Lake Success, NY, for judgment creditor Realife Dental Studios, Ltd.

CONRAD B. DUBERSTEIN, Chief Judge.

This matter comes before the Court upon the motion of Frederick A. Seltzer (the "Debtor") seeking an order pursuant to section 522(f) of the Bankruptcy Code,[1] voiding[2] certain judgment liens against property owned by him, on the grounds that said liens impair the homestead exemption to which he is entitled under section 5206(a) of the New York Civil Practice Law and Rules (the "NYCPLR").[3] Further, the Debtor contends that three of the judgment liens he seeks to have declared void were entered post-petition in violation of section 362, and thus, should be removed and vacated. For the following reasons, the Debtor's motion is granted as to the post-petition liens, denied as to certain prepetition liens, and granted as to the other prepetition liens, as hereinafter set forth.

### FACTS

The Debtor is the owner of a single family residence located at 747 Mulberry Place, North Woodmere, New York (the "Property"). It is undisputed that the value of the Property is approximately $329,000.[4] The Property is encumbered by a first mortgage in the amount of $285,689.63 held by Dale Mortgage Bankers, and a second mortgage in the amount of $79,690.99 held by Household Finance Corporation,[5] for a total of 365,380.62 in consensual liens. Thus, there is no equity in the Property inasmuch as the consensual liens exceed its value.

In addition to the above-mentioned consensual liens, the Property is encumbered by judgment liens, set forth as follows:

| | |
|---|---|
| Realife Dental Studios, Ltd. (Realife) | $33,744.30 |
| Newsday, Inc. | $ 434.50 |
| Apple Acceptance Corp. | $14,755.93 |
| Aetna Casualty & Surety Co. | $ 1,374.41 |
| Patterson Dental Co. ("Patterson") | $ 4,291.44 |
| New York State Department of Taxation & Finance ("NYS Tax & Finance") | $ 818.70 |
| European American Bank ("EAB") | $ 4,534.85 |
| TOTAL JUDGMENT LIENS | $59,954.13 |

The Court notes that the judgments of Patterson, NYS Tax & Finance, and EAB were all entered post-petition.

---

1. The Bankruptcy Code was amended by the Bankruptcy Reform Act of 1994, Pub.L. 103–394 (Oct. 22, 1994) (the "1994 Reform Act"). Section 702(b) of the 1994 Reform Act provides that "the amendments made by this Act shall not apply with respect to cases commenced under Title 11 of the United States Code before the date of the enactment of this Act." Hence, the amendments affecting section 522, do not pertain to the instant petition inasmuch as it was filed on February 8, 1994, prior to the enactment of the 1994 Reform Act.

   All section references hereinafter are to the Bankruptcy Code, 11 U.S.C. 101 et seq., as it existed prior to October 22, 1994, unless the text indicates otherwise.

   Section 522(f) reads, in pertinent part, as follows:

   (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) [an exemption permissible under state law] of this section, if such lien is—
      (1) a judicial lien;

2. In his moving papers, the Debtor indicates that he seeks "discharge and removal of liens." For the purposes of this opinion, this Court recognizes that the Debtor is seeking to "void" certain liens.

3. Section 5206(a) of the NYCPLR reads, in pertinent part, as follows:

   Real Property exempt from application to the satisfaction of money judgments
   (a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
      (1) a lot of land with a dwelling thereon;

4. The Property's value, as appraised by Dennis Aarons and Associates on June 17, 1994, is operative in the instant opinion.

5. The Court notes that at the time the instant motion was brought, a third mortgage encumbered the Property. In addition, that mortgagee held a mortgage on another parcel of property belonging to the Debtor. During the pendency of this case, the Debtor and that mortgagee entered into a stipulation pursuant to which that mortgagee withdrew its secured proof of claim and filed a general unsecured proof of claim in the amount of $40,000, representing the balances due under both mortgages.

On February 8, 1994, the Debtor filed his petition in bankruptcy under Chapter 11 of the Bankruptcy Code. On December 27, 1994, the Debtor moved this Court, seeking to have the above-listed judicial liens voided pursuant to section 522(f) of the Bankruptcy Code. Further, pursuant to that motion, the Debtor asks this Court to deem the filing of the judgments of Patterson, NYS Tax and Finance, and EAB, in violation of the automatic stay imposed by section 362. On February 2, 1995, a hearing was held on said motion at which time the only judgment lien creditor to appear in opposition was Realife. The lack of opposition by Newsday, Apple Acceptance Corp. and Aetna Casualty is hereby deemed implied consent to the Debtor's motion, and thus their liens are void. Because the judgments of Patterson, NYS Tax and Finance, and EAB were filed postpetition, their liens are void. Thus, the only judicial lien remaining to be considered is Realife's. At said hearing, the Court reserved its decision until a further review of the facts could be ascertained.

### ANALYSIS

■ "A debtor is permitted to exempt certain types of property from property of the bankruptcy estate, in order to have a chance of a fresh start after bankruptcy." Robert H. Bowmar, *Avoiding Judicial Liens That Impair Exemptions in Bankruptcy: The Workings of 11 U.S.C. 522(f)(1); see* Margaret Howard, *Multiple Judicial Liens in Bankruptcy: Section 522(f)(1) Simplified,* 67 Am.Bankr.L.J. 151, 152 (1993). In many cases, however, a debtor's exempt property is subject to judicial liens, and if those liens are not avoided by the debtor or the trustee, exempt property may pass through bankruptcy and remain encumbered. *See In re Endlich,* 47 B.R. 802 (Bankr.E.D.N.Y.1985) ("a valid lien which has not been avoided in the pre-discharge period of a bankruptcy proceeding survives the bankruptcy unaltered") (citation omitted). Thus, Congress

enacted section 522(f) which provides that a debtor may avoid judicial liens to the extent that they impair an otherwise available exemption. *See In re Serapiglia,* 123 B.R. 481, 482–83 (Bankr.E.D.N.Y.1990) and the authorities cited therein for a thorough discussion of the case law surrounding section 522(f).

Section 522(d) sets forth property, which, under federal law, may be exempted from a debtor's estate. The federal exemptions, however, are not available to New York debtors, because in 1982 New York opted out of the federal exemption scheme pursuant to section 522(b).[6] Hence, New York debtors may look to the exemptions set forth in New York Debtor and Creditor Law ("NYD & CL") section 282. That section particularly incorporates the homestead exemption provided in NYCPLR section 5206(a) as set forth above. Thus, read together, NYCPLR section 5206(a) and NYD & CL 282, permit a New York debtor to exempt from property of his bankruptcy estate, "property ... not exceeding ten thousand dollars in value above liens and encumbrances...." The Debtor claims that the homestead exemption to which he is entitled under NYCPLR section 5206 is impaired by the judicial liens he seeks to void under section 522(f) of the Bankruptcy Code.

### *Section 522(f) May Be Applied to Void Judicial Liens in New York*

■ Notwithstanding that New York has opted out of the federal exemption scheme, a New York Debtor may continue to apply section 522(f)(1) to avoid judicial liens to the extent that they impair an otherwise allowable exemption. *See In re Vizentinis,* 175 B.R. 824 (Bankr.E.D.N.Y.1994); *In re Serapiglia,* 123 B.R. 481 (Bankr.E.D.N.Y.1990); *In re Citrone,* 159 B.R. 144 (Bankr.S.D.N.Y. 1993); *In re Prestegaard,* 139 B.R. 117 (Bankr.S.D.N.Y.1992); *In re Finn,* 151 B.R. 25 (Bankr.N.D.N.Y.1992); *In re Braddon,* 57 B.R. 677 (Bankr.W.D.N.Y.1986).

---

**6.** Section 522(b) provides debtors with a choice between federal and state exemptions, unless state law applicable to the debtor affirmatively prohibits a choice. *See 3 Collier on Bankruptcy* § 522.06 (15th ed.1995) (explaining 11 U.S.C. 522(b)(1)). In New York, section 284 of the NYD

& CL provides such prohibition, thereby limiting a New York Debtor to, *inter alia,* the real property exemption of section 5206 of NYCPLR, which takes the place of the federal exemption set forth in 522(d)(1) of the Bankruptcy Code.

The Court recognizes that several New York cases have not followed the rule laid down in the foregoing cases,[7] but is of the opinion that those cases that do permit the application of section 522(f) to void judicial liens are more in line with the Congressional intent of that section of the Bankruptcy Code.

■ The Court must now determine whether Realife's lien impairs an exemption to which the Debtor would have been entitled to under section 522(b). The Supreme Court of the United States in the celebrated landmark opinion of *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), emphasized that in making a determination regarding the voiding of a judicial lien in bankruptcy, the court must "ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he would have been entitled but for the lien itself." *Owen,* 500 U.S. at 310–11, 111 S.Ct. at 1836–37. Thus, inasmuch as the homestead exemption set forth in NYCPLR section 5206 is applicable to New York debtors, the Court must first determine whether or not the Debtor is otherwise entitled to that exemption but for the liens the Debtor seeks to void.

■ Important to the determination of this issue is the fact that, as indicated above, pursuant to NYD & CL section 282 and NYCPLR section 5206(a), a New York debtor may exempt from property of his estate, "property ... not exceeding ten thousand dollars in value *above liens and encum-*

*brances* owned and occupied as a principal residence ...". NYCPLR section 5206(a) (emphasis added). Thus, "[i]n calculating the exemption of $10,000 to which the judgment debtor is entitled for a principal residence, it is the debtor's *equity* which is looked to...." Practice Commentaries to section 5206(a) of NYCPLR C5206:1 (McKinney 1995) (emphasis added). This is of course what CPLR 5206(a) means when it excludes 'liens and encumbrances' from the measure." *Id.*

■ It is this Court's opinion, therefore, that if there is no equity in a debtor's property, it is not entitled to enjoy the New York State homestead exemption under NYCPLR section 5206(a), made applicable to bankruptcy under NYD & CL section 282. Inasmuch as there is no equity in the Debtor's Property, the Realife lien he seeks to void does not impair an exemption to which he is otherwise entitled, and thus, the lien is not voidable under section 522(f) of the Bankruptcy Code. *See In re Bovay,* 112 B.R. 503 (Bankr. N.D.N.Y.1989); *In re Finn,* 151 B.R. 25.[8]

Inasmuch as the facts of this case are sufficiently similar to *Bovay* in that there is no equity in the Property, there is no exemption recognizable under NYCPLR section 5206(a), and thus, under the facts of this case, it cannot be impaired within the meaning of Bankruptcy Code section 522(f).

The Debtor, in support of his motion, relies strongly on *In re Serapiglia,* 123 B.R. at 481. A closer look at *Serapiglia* reveals, however, that the facts of that case involved a debtor *with* equity in its property. Moreover, the

---

7. *See Alu v. N.Y. Dept. of Taxation and Finance* (*In re* Alu), 41 B.R. 955 (E.D.N.Y.1984); *In re Giordano,* 177 B.R. 451 (Bankr.E.D.N.Y.1995).

8. In *Bovay,* in which Judge Gerling determined that there was no equity in the debtor's property, he stated in pertinent part that:

   The Court must analyze § 5206(a) of NYCPLR, which is incorporated by reference in NYD & CL 282, and guided by the maxim that "interpretation of a statute must begin with the statute's plain language." *United States v. Ron Pair Enterprises, Inc.* 489 U.S. 235 [240–42], 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989). The language of NYCPLR § 5206 provides for exemption of "property ... not exceeding ten thousand dollars in value above liens and encumbrances ..." The Court reads § 5206's

language, "above liens and encumbrances," to be synonymous with its aforementioned formula for arriving at equity for the purposes of its analysis under Code § 522(f)(1). Hence, the exemption which would be impaired is the amount by which the fair market value of the property exceeds the sum of any outstanding mortgage balance(s) and unavoidable lien(s). Since the sum of the outstanding mortgage balances and the federal tax lien exceeds the fair market value of the Property, there is no property to which the NYCPLR § 5206 homestead exemption may attach and, therefore, avoidance of the judicial lien would not allow Debtor to enjoy any exemption. Because there is no exemption recognizable under NYCPLR § 5206(a), it cannot be impaired within the meaning of Code § 522(f).
   *Bovay,* 112 B.R. at 505.

*Serapiglia* Court referenced *In re Brown,* 734 F.2d 119 (2d Cir.1984), to support the proposition that "a judicial lien is avoidable even where the debtor lacks equity in the property." *Brown,* however, is a case in which a New York debtor was permitted to void liens on *surplus funds* arising out of a foreclosure sale to protect its federal exemption, and cites a host of cases which also involved debtors claiming impairment of a *federal* exemption, not the *New York* homestead exemption. *See Serapiglia,* 123 B.R. at 485 *(quoting In re Brown,* 734 F.2d at 123 *citing In re Chesanow,* 25 B.R. 228, 230–31 (Bankr.D.Conn.1982)) (Connecticut debtor with no equity in property was permitted to avoid judicial lien impairing *federal* exemption available under section 522(d)(1)) (other citations omitted). It is to be noted that the *Chesanow* decision arose in the state of Connecticut which does not provide for the restrictions contained in the law of the State of New York dealing with homestead exemptions. This Court also notes that each of the relevant cases relied upon in *Brown* were decided *prior* to 1982 at a time when New York had not as yet opted out of the federal exemption scheme, and thus, the federal exemptions were available to New York residents. Although *Brown* correctly suggests that a debtor with no equity in its property may claim an impairment of a *federal* exemption under 522(f), that case is clearly distinguishable from the case at bar inasmuch as the exemption impaired was not the New York homestead exemption. It is abundantly clear however, that if the instant motion involved the potential impairment of the broader federal exemption under 522(d), the Debtor's motion would be granted at least to the extent that the federal exemption was impaired.

### The Debtor's Motion To Void the Prepetition Liens Other Than Realife's Is Granted

Aside from the judicial lien of Realife, the remaining prepetition judicial liens are held by the following:

| | |
|---|---|
| Newsday, Inc. | $ 434.50 |
| Apple Acceptance Corp. | $14,755.93 |
| Aetna Casualty & Surety Co. | $ 1,374.41 |

■ Inasmuch as none of the foregoing lienors have appeared in opposition to the Debtor's motion, it is granted and said liens are deemed void.

### The Debtor's Motion To Void The Post-Petition Liens Is Granted

Post-petition liens are held by the following:

| | |
|---|---|
| Patterson | $4,291.44 |
| NYS Tax & Finance | $818.70 |
| EAB | $4,534.85 |

■ Inasmuch as said judicial liens were recovered subsequent to the filing of the Debtor's petition in bankruptcy, they are all void as being in violation of section 362.

As was noted at the outset of this opinion, inasmuch as this case was initiated prior to the amendment of section 522(f) by the Bankruptcy Reform Act of 1994, it is not affected by that amendment. It remains to be seen what its effect will be on bankruptcy cases that were filed after the effective date of the Act where the law of the State of New York regarding homestead exemptions is involved.

### CONCLUSIONS

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. sections 1334 and 157(a) and is a core matter pursuant to 28 U.S.C. 157(b)(2)(A) and (*O*).

2. The Debtor's motion with respect to the voidance of Realife's judgment lien is DENIED.

3. The Debtor's motion with respect to the voidance of the judgment liens of Newsday Inc., Apple Acceptance Corp., Aetna Casualty & Surety Co., Patterson, NYS Tax and Finance and EAB is GRANTED.

4. SETTLE AN ORDER CONSISTENT WITH THIS OPINION.