**In re Joseph A. CORIO, Debtor.**

**No. CV 95–0793.**

United States District Court,
E.D. New York.

Dec. 29, 1995.

Lester & Fontanetta, P.C. by Roy J. Lester, Garden City, NY, for debtor.

Goldman, Horowitz & Cherno by Michael A. Farina, Mineola, NY, for Star Video Entertainment, Inc.

Kirschenbaum & Kirschenbaum by Kenneth Kirschenbaum, Trustee, Garden City, NY.

*MEMORANDUM AND ORDER*

WEXLER, District Judge.

Debtor-appellant Joseph A. Corio appeals from an order of the United States Bankruptcy Court for the Eastern District of New York, Robert J. Hall, Bankruptcy Judge, dated February 1, 1995, denying his motion pursuant to 11 U.S.C. § 522(f)(1) to avoid

judicial liens as impairing his New York homestead exemption. Judgment creditor-appellee Star Video Entertainment, Inc. submits papers in support of the bankruptcy court's order.

## BACKGROUND

On December 21, 1993, Debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. By motion, Debtor sought to avoid certain judicial liens pursuant to Bankruptcy Code § 522(f)(1), 11 U.S.C. § 522(f)(1), as impairing his New York homestead exemption to which he claimed he was entitled under New York's Civil Practice Law & Rules ("CPLR") § 5206(a)(1) by Bankruptcy Code § 522(b) and New York's Debtor & Creditor Law ("D & CL") § 282. Debtor's motion indicated that he owns a residence located in West Hempstead, New York, valued at no more than approximately $160,000 (the "Property"). The Property at the time was encumbered by consensual first and second mortgage liens totalling more than $177,000. Consequently, Debtor held no equity in the Property, as the consensual liens exceeded the Property's approximate value. The following judicial liens, junior to the consensual mortgage liens, also encumbered the Property, having resulted from judgments against Debtor that were entered in the Nassau County Clerk's Office:

| | |
|---|---|
| Star Video Entertainment, Inc. | $7,971.68 |
| Household Retail Service Inc. | $5,707.38 |
| Fidelity New York | $7,435.37 |
| Artel Distributing, Inc. | $5,439.60 |

The bankruptcy court denied Debtor's motion, basing its decision entirely on an earlier decision of that court, *In re Giordano,* 177 B.R. 451 (Bankr.E.D.N.Y.1995), without further explanation. Under the *Giordano* decision, it would appear that the bankruptcy court denied the motion because: (1) Debtor was not entitled to the New York homestead exemption, since he had no equity in the Property, and, therefore, there was no exemption that could be impaired by the judicial liens; and (2) judicial liens do not impair the New York homestead exemption under CPLR § 5206(a)(1).

## DISCUSSION

■ Bankruptcy Code § 522(b)(1) provides a debtor with the option of choosing the federal exemptions of § 522(d) or state exemptions, unless the state law that is applicable to the debtor denies this choice. *See* 11 U.S.C. § 522(b)(1). In 1982, the New York State legislature enacted such a prohibition. *See* D & CL § 284.[1] Consequently, New York debtors are prohibited from applying the federal exemptions of Bankruptcy Code § 522(d), which includes the federal homestead exemption.[2] Instead, these debtors must look to the exemptions set forth in D & CL § 282.[3] D & CL § 282, in turn, incorporates the New York homestead exemption under CPLR § 5206(a)(1).[4] Thus, a New

1. D & CL § 284 provides: "In accordance with the provisions of [Bankruptcy Code § 522(b)], debtors domiciled in this state are not authorized to exempt from the estate property that is specified under [Bankruptcy Code § 522(d)]." N.Y. Debt. & Cred. Law § 284 (McKinney 1990).

2. At the time Debtor commenced his case under Title 11 (*i.e.*, December 21, 1993), Bankruptcy Code § 522(d)(1) provided that a debtor may exempt the following property: "The debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the debtor or a dependent of the debtor uses as a residence...." 11 U.S.C. § 522(d)(1). This provision was amended by § 108 of the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, 108 Stat. 4106, 4112 (1994), which increased the exemption amount to $15,000.

3. D & CL § 282 provides, in relevant part: "Under [Bankruptcy Code § 522], an individual debt-

or domiciled in this state may exempt from the property of the estate, to the extent permitted by [Bankruptcy Code § 522(b)], only (i) personal and real property exempt from application to the satisfaction of money judgments under ... [CPLR § 5206]...." N.Y. Debt. & Cred. Law § 282 (McKinney 1990).

4. CPLR 5206(a)(1) provides:

Real property exempt from application to the satisfaction of money judgments
  (a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is exempt from application to the satisfaction of a money judgment, unless the judgment was recovered wholly for the purchase price thereof:
    1. a lot of land with a dwelling thereon.... N.Y.Civ.Prac.L. & R. § 5206(a)(1) (McKinney Supp.1995).

York debtor may exempt from property of his bankruptcy estate, "[a lot of land with a dwelling], not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence."

Recognizing that prebankruptcy judicial liens, if not avoided by the debtor or trustee, may continue to encumber the debtor's exempt property if the property passes through bankruptcy, Congress enacted Bankruptcy Code § 522(f)(1). Section 522(f)(1) allows a debtor to avoid a judicial lien "to the extent that such lien impairs an exemption to which the debtor would have been entitled."[5] As noted, Debtor contends that his New York homestead exemption is impaired by the various judicial liens and that the bankruptcy court erred in denying his motion to avoid those liens under § 522(f)(1).

■ Even assuming that a judicial lien may impair the New York homestead exemption under CPLR § 5206(a), that exemption is not available to Debtor. The plain language of the statute indicates that the exemption applies to a debtor's "equity" in the property, i.e., "value above liens and encumbrances," although not exceeding $10,000. *Id.* (emphasis added); *see also* Practice Commentary to CPLR § 5206, C5206:2 (McKinney 1978) ("In calculating the exemption of $10,000 to which the judgment debtor is entitled for a principal residence, it is the debtor's equity which is looked to. This is of course what CPLR § 5206(a) means when it excludes 'liens and encumbrances' from the measure."). Thus, if the debtor has no equity in the property, he is not entitled to the homestead exemption under CPLR § 5206(a), made applicable to a New York

debtor's bankruptcy by Bankruptcy Code § 522(b) and D & CL § 282. *See, e.g., In re Seltzer,* 185 B.R. 116, 119 (Bankr.E.D.N.Y. 1995) ("if there is no equity in debtor's property, it is not entitled to enjoy the New York State homestead exemption under NYCPLR section 5206(a)"); *In re Bovay,* 112 B.R. 503, 505 (Bankr.N.D.N.Y.1989) (same). Because Debtor has no equity in the Property, he has no homestead exemption that could be impaired by the judicial liens he seeks to avoid; consequently, the judicial liens cannot be avoided under Bankruptcy Code § 522(f). *See In re Seltzer,* 185 B.R. at 119; *In re Bovay,* 112 B.R. at 505.

■ Debtor relies on the Second Circuit's decision in *In re Brown,* 734 F.2d 119 (2d Cir.1984), which held that "a judicial lien is avoidable even where the debtor lacks equity in the property." *Id.* at 125. *Brown,* however, decided before New York "opted out" of the federal exemption scheme, involved a New York debtor who was permitted to void a judicial lien on surplus funds (resulting from a prebankruptcy foreclosure sale of his residence) to allow him to enjoy a *federal exemption,* not the New York homestead exemption.[6] In *Brown,* the Second Circuit stated:

> Nearly all of the courts that have construed [§ 522(f)(1)] have concluded that it should be applied according to its terms. That is, the debtor is permitted, even if he lacks an equity interest in the property, to avoid the fixing of a judicial lien on the property if that avoidance would allow him to enjoy an exemption provided by § 522(b). This interpretation is supported

---

**5.** At the time Debtor commenced his case under Title 11, Bankruptcy Code § 522(f)(1) provided:

(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien....

11 U.S.C. § 522(f)(1). Section 303 of the Bankruptcy Reform Act of 1994 amended § 522(f). However, pursuant to § 702 thereof, the amendment to this subsection applies to cases under Title 11 commenced on or after October 22, 1994, the Act's effective date, not to cases filed before, as here.

**6.** Debtor also relies on a case cited by *Brown, In re Chesanow,* 25 B.R. 228 (Bankr.D.Conn.1982). *Chesanow,* however, arose in Connecticut where the debtor was entitled to choose the federal homestead exemption of § 522(d)(1). The bankruptcy court allowed the debtor to claim an exemption under § 522(d)(1), despite debtor's lack of equity "since Code section 522(d)(1) ... refers to 'the debtor's aggregate interest, not to exceed $7,500 in value, in real property ...'." *Id.* at 230. The federal exemption does not contain the restrictions of New York's homestead exemption under CPLR § 5206(a)(1).

by the legislative history of the Code. Congress plainly expressed its intent to protect a debtor's ability to exempt property under § 522(d) by providing that a debtor may avoid any judicial lien under § 522(f)(1) "to the extent that the property could have been exempted in the absence of the lien."

*Id.* (citations omitted). It is apparent from this passage that, under *Brown*, the federal exemption may lie even in the absence of an equity in the property where the property could have been exempt in the absence of the "judicial lien"—the lien asserted in that case against the surplus funds by a judgment creditor.[7] *Brown* does not require, as Debtor suggests, that the New York homestead exemption under CPLR § 5206(a) is available to a New York debtor to the extent that the property could have been exempt in the absence of the "consensual mortgage liens." Rather, the New York homestead exemption is not available to a New York debtor if the value of the property does not exceed "liens and encumbrances." Even absent the judicial liens on Debtor's property, Debtor would not be entitled to the homestead exemption under CPLR § 5206(a), since its value does not exceed "liens and encumbrances" to any extent.[8]

In any event, based on this Court's decision in *Alu v. New York Dep't of Taxation & Finance,* 41 B.R. 955 (E.D.N.Y.1984), this Court believes that the judicial liens asserted by Debtor do not impair any exemption which would otherwise exist.

7. Similarly, the Supreme Court in *Owen v. Owen,* 500 U.S. 305, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), held that in determining whether a debtor may avoid a judicial lien under Bankruptcy Code § 522(f), the court must "ask not whether the lien impairs an exemption to which the debtor is in fact entitled, but whether it impairs an exemption to which he *would have been* entitled but for the lien itself." *Id.* at 310–11, 111 S.Ct. at 1836–37 (emphasis in original). The Supreme Court's reference to the "lien itself" was a reference to the judicial lien "at issue." *See id.* at 311, 111 S.Ct. at 1837 (emphasis omitted). Thus, as the Court reiterated:

We have no doubt, then, that the lower courts' unanimously agreed-upon manner of applying § 522(f) to federal exemptions—ask first whether avoiding the lien would entitle

Because the Debtor was not entitled to the homestead exemption, since he had no equity in the Property, and because the judicial liens do not impair any exemption which would otherwise exist, the bankruptcy court's order is affirmed.

### CONCLUSION

For the above reasons, the bankruptcy court's order is affirmed. The Clerk of the Court is directed to close the file in this matter.

SO ORDERED.

the debtor to an exemption, and if it would, then avoid and recover the lien—is correct. *Id.* at 312–13, 111 S.Ct. at 1837.

8. Debtor refers this Court to the recent amendments to § 522(f) by § 303 of the Bankruptcy Reform Act of 1994. By these amendments, a new subsection (f)(2)(A) was added to provide an arithmetic test for determining whether a lien impairs an exemption. Under this test, a lien shall be considered to impair an exemption to the extent that the sum of (i) the lien; (ii) all other liens on the property; and (iii) the amount of the exemption the debtor could claim if there were no liens on the property, exceeds the value of the debtor's interest in the property without considering *any liens.* As noted above, however, this amendment does not apply to this case.