**In re Gregory Lamar WHITEHEAD, Debtor.**

**Bankruptcy No. 97–24673.**

United States Bankruptcy Court, W.D. New York.

Nov. 9, 1998.

Peter A. Lheron, Rochester, New York, for debtor.

John A. Belluscio, Rochester, New York, Chapter 7 Trustee.

## DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On December 12, 1997, Gregory Lamar Whitehead (the "Debtor") filed a petition ini-tiating a Chapter 13 case. On July 28, 1998, the Debtor filed a Notice of Conversion, and his case was converted to a Chapter 7 case.

On October 7, 1998, the Debtor filed a motion (the "Avoidance Motion"), pursuant to Section 522(f)(1)(A), that requested an Order avoiding the liens of a number of judgments against his residence, including a March 20, 1996 judgment in the amount of $5,489.98 in favor of Penfield Manufacturing Company (the "Penfield Judgment"). The Avoidance Motion and the required cover sheet which accompanied the Motion, indicated that: (1) the Debtor was the owner of a residence at 130 Willmont Street, Rochester, New York (the "Residence"); (2) the Residence was encumbered by a December 3, 1986 mortgage lien in favor of First Union Bank of Connecticut, that had a current balance due of $57,966.26 (the "First Union Mortgage Lien"); (3) a January 19, 1998 appraisal indicated that the Residence had a fair market value of $54,000; and (4) in addition to the Penfield Judgment, there were additional subordinate judgment liens against the Residence in favor of Gwendolyn Johnson and Piano Works Limited Partnership, as well as an unavoidable non-judicial lien in favor of the New York State Department of Taxation and Finance.

On October 15, 1998, Penfield Manufacturing Company ("Penfield Manufacturing") interposed opposition to the Avoidance Motion, which argued that: (1) since New York State was an "opt-out state," as permitted in Section 522(b)(1), the Debtor, as a New York State resident, could utilize Section 522(f)(1) to avoid the fixing of the lien of the Penfield Judgment, as impairing an exemption, only if he would otherwise be entitled to a homestead exemption under New York Law; (2) Section 5206(a) of the New York Civil Practice Law and Rules (the "CPLR"), provided for a real property exemption "not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence;" (3) because the outstanding balance due on the First Union Mortgage Lien exceeded the fair market value of the Residence, there was no value in the Residence above that mortgage lien, which was required by CPLR Section 5206(a) for a

homestead exemption to be available; and (4) because the Debtor would not be entitled to an exemption under New York law, even in the absence of the lien of the Penfield Judgment, he could not use Section 522(f)(1)(A) to avoid the fixing of the lien of the Penfield Judgment.

## DISCUSSION

### A. Statute

Subsections 522(f)(1)(A) and 522(f)(2)(A) were amended by the 1994 Amendments to the Bankruptcy Code,[1] to read as follows:

> (f)(1) Notwithstanding any waiver of exemptions ... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien,
>
> (2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—
>
> (i) the lien,
>
> (ii) all other liens on the property; and
>
> (iii) the amount of the exemption that the debtor could claim if there were no liens on the property;
>
> exceeds the value that the debtor's interest in the property would have in the absence of any liens.

Prior to the 1994 amendments, Section 522(f)(1) read as follows:

> (f)(1) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (1) a judicial lien ...

### B. Legislative History

The legislative history to Section 303 of the Bankruptcy Reform Act of 1994, which amended Section 522(f), stated in part that:

Because the Bankruptcy Code does not currently define the meaning of the words "impair an exemption" in Section 522(f), several court decisions have, in recent years, reached results that were not intended by Congress when it drafted the Code. This amendment would provide a simple arithmetic test to determine whether a lien impairs an exemption, based upon a decision, *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989), that was favorably cited by the Supreme Court in *Owen v. Owen*, 500 U.S. 305, 111 S.Ct. 1833, 1838, n. 5, 114 L.Ed.2d 350.

The decisions that would be overruled involve several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien or other lien of a type subject to avoidance, in any amount, that attaches to that interest. Otherwise, the creditor would retain the lien after bankruptcy and could threaten to deprive the debtor of the exemption Congress meant to protect, by executing on the lien. Unfortunately, a minority of court decisions, such as *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass.1993), have interpreted Section 522(f) as not permitting avoidance of liens in this situation. The formula in the section would make clear that the liens are avoidable.[2]

### C. Application

The formula provided by Congress in Section 522(f)(2)(A), which must be utilized to determine if a judgment lien against a debtor's property "shall be considered to impair an exemption," is consistent with the legislative history to Section 303 of the Bankruptcy Reform Act of 1994, in that it

---

1. See Section 303 of the Bankruptcy Reform Act of 1994 for the changes made to this section of the Code.

2. See **Cong. Record** H10752, *H10769 and **A & P H.R.Rep.** 103–835.

specifically eliminates all liens on the debtor's property to determine the value of the debtor's interest in the property. As a result, for purposes of determining impairment, the formula creates equity, even if the debtor otherwise has no equity in the property.[3]

The Section 522(f)(2)(A) formula negates the strict statutory construction analysis, utilized by a number of courts prior to the enactment of the Bankruptcy Reform Act of 1994, which resulted in their conclusion that the specific provisions of CPLR Section 5206(b) required New York debtors to have equity over and above unavoidable liens for an exemption to be available which could be impaired by a judgment lien, and thus avoided by the use of Section 522(f)(1)[4]. These decisions, heavily relied upon by Penfield Manufacturing, included *In re Bovay*, 112 B.R. 503 (Bankr.N.D.N.Y.1989) and *In re Corio*, 190 B.R. 498 (E.D.N.Y.1995) ("Corio").[5]

The Legislative History to the Bankruptcy Reform Act of 1994 has made it clear that it was always the intention of Congress in enacting Section 522(f)(1), that a debtor would be entitled to avoid the fixing of judicial liens, and take advantage of the applicable federal or state homestead exemption, even if a debtor did not have equity in their residence over otherwise unavoidable liens. With the enactment of the Section 522(f)(2)(A) formula, which specifically defines impairment for purposes of Section 522(f)(1)(A), a debtor residing in New York State, who has no equity in their home, and who otherwise qualifies for the exemption, will always be entitled to a homestead exemption for the purposes of Section 522(f)(1). The reason is

that when the specific provisions of CPLR Section 5206(b) are applied in conjunction with Section 522(f)(2)(A), by eliminating all liens against the property in question, the 522(f)(2)(A) formula creates the "value" necessary under CPLR Section 5206(b) for the exemption to attach. As a result, there will be an exemption to which the debtor "would" be entitled.

In this case, by eliminating all of the otherwise unavoidable liens against the Debtor's Residence, including the First Union Mortgage Lien, the Section 522(f)(2)(A) formula results in the Debtor having an interest in the Residence with an exemptible value that is impaired by the lien of the Penfield Judgment.

## CONCLUSION

The judgment liens of Penfield Manufacturing Co., Gwendolyn Johnson and Piano Works Limited Partnership are avoided as judgment liens on the property of the Debtor commonly known as 130 Willmont Street, Rochester, New York. To implement this Decision & Order, the Court will sign and enter the original of the attached proposed Order submitted by the Debtor.

**IT IS SO ORDERED.**

## ORDER

The Debtor herein having moved this Court under Section 522(f) of the Bankruptcy Code for an Order Avoiding Judicial Liens and upon proof of service on the creditors listed below and said application having been duly filed herein and said application having come on to be heard before this Court on _____, 1998 and no oppo-

---

**3.** It is important to note that the 1994 Bankruptcy Code Amendments created a federal definition of impairment that preempts the law of a state that has "opted-out" of the federal exemptions, and which might otherwise limit a debtor's ability to claim an exemption under Section 522(f). The ability of Congress to preempt state law is grounded in the supremacy clause of the United States Constitution. *See generally, In re Holland*, 151 F.3d 547 (6th Cir.1998); *In re Richardson*, 224 B.R. 804 (Bankr.N.D.Okl.1998); *In re Leicht*, 222 B.R. 670 (1st Cir. BAP 1998).

**4.** This Court in *In re Sweeting*, 151 B.R. 322 (Bankr.W.D.N.Y.1992), held, consistent with the

view of all of the Bankruptcy Judges in The Western District of New York at that time, that a debtor could avoid a judgment lien by utilizing Section 522(f)(1), even if there was no "equity" in the residence.

**5.** The District Court for the Eastern District of New York in its Decision in *Corio*, at footnote number eight, apparently recognized the impact of the Section 522(f)(2)(A) formula on this issue, but noted that the Amendment did not apply to the case at hand which was filed before the effective date of the Reform Act of 1994.

sition having been timely filed with the Court, and upon all the premises, it is therefore

ORDERED, ADJUDGED, AND DE-CREED that the lien of a judgment of Penfield Manufacturing Company filed in the Office of the Clerk of the County of Ononda-ga on in the sum of FIVE THOUSAND FOUR HUNDRED EIGHTY NINE AND 98/100 DOLLARS ($5,489.98); and by Piano Works Limited Partnership filed in the Office of the Clerk of the County of Monroe in the sum of EIGHTEEN THOUSAND TWO HUNDRED THIRTY EIGHT AND 43/100 DOLLARS ($18,238.43); are hereby avoided and declared to be null and void as liens on the real property of the debtor's residence at 130 Willmont Street, Rochester, N.Y. (see schedule A); on the grounds that said judgments impairs the exemption of the debtor in such real property.