**In re Jesse BRODY, Debtor.**

**No. 03 B 22408(ASH).**

United States Bankruptcy Court,
S.D. New York.

Aug. 5, 2003.

Rattet, Pasternak & Gordon Oliver, LLP, By James Glucksman, Esq., Harrison, NY, for Debtor.

Gloria Herzig Indik, Esq., By Gloria Herzig Indik, Esq., Tarrytown, NY, for Judgment Creditor Residential Contracting, Inc.

Goldberg Weprin & Ustin, LLP, By Peter J. Williams, Esq., New York City, for Judgment Creditor Duke Electric Supply, Inc.

Reich Reich & Reich, P.C., By Jeffrey A. Reich, Esq., White Plains, NY, for Judgment Creditor Rockmor Electric Enterprises, Inc.

### DECISION ON MOTION TO AVOID CERTAIN LIENS

ADLAI S. HARDIN, JR., Bankruptcy Judge.

In this contested matter debtor Jesse Brody ("Debtor") seeks avoidance of judicial liens impairing the Debtor's homestead exemption under 11 U.S.C. § 522(f). Creditors oppose the motion on the ground that the first and second mortgages combined with federal tax liens and state tax warrants exceed the value of the real property, leaving Brody with no property to which a homestead exemption could attach and thus no impairment of the exemption under Section 522(f). For the reasons set forth below, Brody is entitled to avoidance of all judicial liens.

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(a) and 157(b) and the standing order of reference of Acting Chief Judge Robert J. Ward dated July 10, 1984. This is a core proceeding under 28 U.S.C. § 157(b).

### Background

Debtor owns property (the "Residence") currently valued at $325,000 of which his interest equals $162,500. Federal tax liens and New York State tax warrants have been asserted against the property in the approximate amount of $493,000. Debtor also has two mortgages on the Residence. HSBC holds the first mortgage in the approximate amount of $35,000. Somerset Investors holds a second mortgage in the approximate amount of $39,500. Debtor has no equity in the Residence.

On March 13, 2003, Debtor filed a voluntary petition pursuant to Chapter 7 of the Bankruptcy Code. By a motion dated April 11, 2003, Debtor sought to avoid certain judicial liens. Three judicial lien holders: Duke Electric Supply, Inc., Residential Contracting, Inc., and Rockmor Electric Enterprises, Inc. (the "Creditors") filed notices of objection. In pleadings and at hearing Brody argued that debtors with no equity in their property (i) have the right to homestead exemptions, and (ii) have the right to avoid judicial liens impairing these exemptions. Creditors argue that under state law, homestead exemptions are not extended to such debtors. Creditors also argue that the Internal Revenue Code prevents a debtor's interest in property encumbered by tax liens from rising to the level of a homestead exemption.

### Discussion

*Exemptions under New York State law*

■ The 1994 Amendments of the Bankruptcy Code amended Sections 522(f)(1)(A) and 522(f)(2)(A) to read as follows:

(f)(1) Notwithstanding any waiver of exemptions... the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is-

(A) a judicial lien, other than a judicial lien that secures a debt-...

(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of-

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The legislative history to these amendments reads in pertinent part:

[Section 522(f) would overrule] several scenarios. The first is where the debtor has no equity in a property over and above a lien senior to the judicial lien the debtor is attempting to avoid, as in the case, for example, of a debtor with a home worth $40,000 and a $40,000 mortgage. Most courts and commentators had understood that in that situation the debtor is entitled to exempt his or her residual interests, such as a possessory interest in the property, and avoid a judicial lien... The formula in the section would make clear that the liens are avoidable.

H.R.Rep. No. 103–835, 103rd Cong., 2nd Sess 41–42 (1994), U.S.Code Cong. & Ad-

min.News 1994, pp. 3340, 3361–3362 [hereinafter H.R. Rep No. 108–835]; 140 Cong. Rec. H10769 (daily ed. Oct. 4, 1994).

A bankruptcy court in this circuit has ruled, "With the enactment of the Section 522(f)(2)(A) formula, which specifically defines impairment for purposes of Section 522(f)(1)(A), a debtor residing in New York State, who has no equity in their home, and who otherwise qualifies for the exemption, will always be entitled to a homestead exemption for the purposes of Section 522(f)(1)." *In re Whitehead*, 226 B.R. 539, 541 (Bankr.W.D.N.Y.1998). *See also In re Higgins*, 270 B.R. 147, 150–155 (Bankr. S.D.N.Y.2001) [hereinafter *Higgins I*] (finding that debtors without equity in their property were entitled to avoid a judicial lien in its entirety).[1]

Thus, the Bankruptcy Code and its legislative history, as well as case law, make clear that debtors such as Brody, who have no equity in their property, may qualify for exemptions and avoid judicial liens which impair the exemptions. *See* 11 U.S.C. § 522(f); *In re Higgins*, 270 B.R. at 154–155; *In re Whitehead*, 226 B.R. at 541.

Creditors' reliance on *In re Seltzer*, 185 B.R. 116 (Bankr.E.D.N.Y.1995) and *In re Bovay*, 112 B.R. 503 (Bankr.N.D.N.Y.1989) is misplaced. Both courts held that debtors without equity in their property were not entitled to avoid certain judicial liens. These courts relied on Section 5206(a) of the NYCPLR:

> (a) Exemption of homestead. Property of one of the following types, not exceeding ten thousand dollars in value above liens and encumbrances, owned and occupied as a principal residence, is ex-

empt from application to the satisfaction of a money judgment. . .

N.Y. CPLR § 5206(a) (McKinney Supp. 1990).

The courts found the debtors had no interest above liens and encumbrances, and therefore no property to which the homestead exemption could attach. Because there was no exemption, there could be no impairment under Section 522(f)(1)(A).

*Seltzer* and *Bovay* are no longer good law because they were decided before Congress enacted the 1994 Amendments to the Bankruptcy Code. Indeed, the court in *Seltzer* recognized that the Amendments might have an impact on state law.

> . . . inasmuch as this case was initiated prior to the amendment of section 522(f) by the Bankruptcy Reform Act of 1994, it is not affected by that amendment. It remains to be seen what its effect will be on bankruptcy cases that were filed after the effective date of the Act where the law of the State of New York regarding homestead exemptions is involved.

185 B.R. at 120.

If the 1994 Amendments' definition of impairment conflicted with New York's exemption scheme, the Amendments would preempt state law under the Supremacy Clause of the United States Constitution. *See In re Whitehead*, 226 B.R. at 541. But preemption is not necessary here because Section 522(f)(2)(A) and CPLR Section 5206(a) are reconcilable. Section 522(f)(2)(A) eliminates all judicial liens against the debtor's property, creating the "value" in possessory, residual, and equitable interests necessary under Section

---

**1.** The Ninth Circuit Bankruptcy Appellate Panel agreed with the *Whitehead* interpretation of Section 522(f)(2)(A). *See In re Higgins*, 201 B.R. 965, 967 (9th Cir. BAP 1996) ("The legislative report accompanying the 1994 Bankruptcy Reform Act bolsters the literal application of Section 522, confirming that a lack of equity in property need not preclude avoidance of a lien on that property").

5206(a) for the exemption to attach. *See Id.* at 540–541; *In re VanZant*, 210 B.R. 1011, 1016 (Bankr.S.D.Ill.1997) ("Under the Bankruptcy Code, a debtor has an 'interest in property' even if the property is fully encumbered by liens and the debtor has only an equitable or possessory interest." (citation omitted)). Accordingly, Brody has an interest in the Residence and is entitled to an exemption under state law.

### Federal tax liens

Creditors attempt to distinguish *Whitehead* and *Higgins I* by arguing that in those cases the debtors' properties were encumbered solely by mortgages, while Brody's property is in part encumbered by federal tax liens. Creditors argue that the Internal Revenue Code prevents a debtor's interest in property encumbered by tax liens from rising to the level of a homestead exemption.

As noted above, the legislative history of the 1994 Amendments provides that debtors may avoid judicial liens where their property is encumbered by liens senior to the judicial lien. *See* H.R. Rep No. 108–835. Both tax liens and mortgages are senior to judicial liens. Congress did not intend to distinguish between the two in regard to exemptions.

The plain language of Section 522(f) reinforces this conclusion. In determining whether an exemption is impaired, federal tax liens, like mortgages, must be considered. *See* 11 U.S.C. § 522(f)(2)(A)(ii) (factoring "all other liens on the property" into the equation determining impairment). Again, the relevant section of the Bankruptcy Code does not distinguish between a tax lien and a mortgage. Lastly, Section 101(37) of the Bankruptcy Code defines lien as a "charge against or interest in property to secure payment of a debt or performance of an obligation." The definition makes no distinction between tax liens

and liens resulting from outstanding mortgages.

Creditors cite no Bankruptcy Code provision to advance their argument. They merely argue that under the Internal Revenue Code a filed federal tax lien encumbers exempt property. *See* 26 U.S.C. § 6321; *Drye v. United States*, 528 U.S. 49, 56, 120 S.Ct. 474, 145 L.Ed.2d 466 (1999); *Arred v. United States*, 830 F.Supp. 212 (S.D.N.Y.1993) (finding New York's statutory homestead exemption does not apply as to taxation). But there is no conflict between the Internal Revenue Code and the Bankruptcy Code. Logic suggests that a tax lien which encumbers exempt property under Section 6321 also impairs exempt property under Section 522(f)(2)(A).

Moreover, the "fresh start" policy behind the Bankruptcy Code indicates that tax liens do not prevent a debtor without equity from taking advantage of an exemption. " 'Congress made it a central purpose of the Bankruptcy Code to give debtors a fresh start in life and a clear field for future effort unburdened by the existence of old debts.' " *In re Stoltz*, 315 F.3d 80, 94 (2d Cir.2002) (quoting *In re Bogdanovich*, 292 F.3d 104, 107 (2d Cir.2002)). Assuming arguendo that (i) Brody is not entitled to avoid judicial liens, (ii) Brody settles some of his debts with the taxing authorities, and (iii) Brody gains equity in the property, the judicial lien holders could claim all of the equity. Brody would not receive the homestead exemption that Congress intended he receive. Loss of the exemption would impair Brody's fresh start. *See John T. Mather Memorial Hosp. of Port Jefferson, Inc. v. Pearl*, 723 F.2d 193, 195 (2d Cir.1983) ("The purpose of the New York legislation was clearly to provide joint debtors the opportunity to make a 'fresh start' with a $20,000 homestead exemption."); *In re Sherman*, 237

B.R. 551, 555 (Bankr.N.D.N.Y.1999) (finding that both federal and New York courts liberally interpret "exemption statutes in favor of debtors so that the fresh start philosophy of the Bankruptcy Code is met.") (citing *In re Miller*, 167 B.R. 782, 783 (Bankr.S.D.N.Y.1994)).

Here, the tax lien affixed to the Residence does not prevent the Debtor from asserting his right to a homestead exemption. The plain language of the Bankruptcy Code as well as the legislative history of the 1994 Amendments provide that a debtor subject to a tax lien may exempt his property and avoid a judicial lien that attaches to that property. Furthermore, the policy behind the Bankruptcy Code dictates that Brody may have his judicial liens avoided to receive a "fresh start".

### Avoidance of judicial liens

 Now the Court must inquire as to the extent to which the judicial liens impair the Debtor's exemption. Using the equation in Section 522(f)(2)(A):

(i) the liens sought to be avoided total $945,461.50

(ii) the other liens on the property are

   a) $35,000—the first mortgage held by HSBC

   b) $39,500—the second mortgage held by Somerset Investors

   c) $493,000—federal tax liens and New York State tax warrants

(iii) homestead exemption of $10,000

*See supra* p. 6 (quoting Section 522(f)(2)(A) in full).

The sum of the figures is $1,522,961.50. Debtor's interest in the property is $162,500 and thus the sum of the liens and exemptions exceeds the value of the property by $1,360,461.40, meaning the exemption is impaired by $1,360,461.40. Since the impairment exceeds the value of all judicial liens (totaling $945,461.50), all judicial liens are avoided.[2]

### Conclusion

Debtor's motion to avoid certain judicial liens impairing the Debtor's homestead exemption is granted. Under Section 522(f)(2)(A) all judicial liens impair the exemption, so all must be avoided.

---

**2.** Creditors argue that Debtor should not be entitled to abolish judicial liens in full. Creditors cite *Nelson v. Scala*, 192 F.3d 32 (1st Cir.1999) and *In re Lehman*, 205 F.3d 1255 (11th Cir.2000) for the proposition that courts will not rigidly apply the Section 522(f)(2)(A) formula when the result leaves the debtor with equity over and above the amount allowed by state exemption. These cases are easily distinguishable from the situation here. On the facts before the Court, Brody will have no equity in the property even after the avoidance of all judicial liens.